LILLIAN SCHAUDER, Respondent, v. VICTOR WEISS, Individually, et al., Appellants, et al., Defendants.— Orders denying appellant's motions to dismiss respondent's complaint as insufficient, pursuant to rule 106 of the Rules of Civil Practice, affirmed, with a bill of $10 costs and disbursements payable by each appellant. Respondent in her complaint alleges, in support of three separately numbered causes of action, the wrongful publication and utterance of

defamatory statements by appellant Weiss, a private detective, and seeks recovery therefor against the appellant Weiss, by reason of such alleged libel and slander, and against appellant Eagle Indemnity Company, by virtue of a surety bond executed by such appellant pursuant to section 74 of the General Business Law. We do not at this time determine whether the first cause of action alleged in the complaint, which refers to an affidavit made by appellant Weiss and used in the course of litigation between respondent and her husband, states facts sufficient to constitute a cause of action. In our opinion, however, the second cause of action, as pleaded, sufficiently states a cause of action, since it does not appear on the face of the complaint that the statements alleged to have been made by appellant Weiss were absolutely privileged. If the second cause of action, as alleged, is sufficient to support a recovery against appellant Weiss, the third cause of action, which repeats the allegations of the second, is sufficient on its face, as against appellant Eagle Indemnity Company. Since these two causes of action are sufficiently pleaded, the motions, addressed to the sufficiency of the entire complaint, were properly denied. (*Halstead* v. *General Ry. Signal Co.*, 268 App. Div. 1060.) Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.