In the Matter of REINHOLD G. HELLER, Appellant-Respondent, against JOSEPH D. McGOLDRICK, as Rent Administrator of the Temporary State Housing Rent Commission, Respondent, and SAROLGA REALTY Co., Respondent-Appellant.

First Department, March 13, 1951.

*Demarest J. Hahn* of counsel (*Leo Horowitz* with him on the brief; *Hahn & Hahn*, attorneys), for appellant-respondent.

*Emory Gardiner* of counsel (*Nathaniel L. Goldstein, Attorney-General*), for respondent.

*Sidney Salant* for respondent-appellant.

CALLAHAN, J.  Petitioner occupies an apartment on the fifth floor of a building situated at 49th Street and 6th Avenue, New York City.  The landlord applied to the State Rent Administrator for a certificate authorizing eviction of the petitioner, in order that it might demolish the building and erect a two-story "taxpayer" to be occupied for commercial purposes.

All other residential tenants have vacated the premises. The ground floor is occupied for store purposes, and the store tenants have agreed to remove thirty days after the last residential tenant vacates.

In compliance with the regulations of the administrator, the landlord had relocated the petitioner-tenant by obtaining an apartment for him, which the administrator found comparable and not unreasonably distant from his present residence. The landlord has continued to pay rent for this new apartment down to date. The administrator, after a hearing, overruled a protest filed by the tenant and issued a certificate of eviction.

After his protest was overruled, the tenant commenced this article 78 proceeding to review the action of the administrator. While this proceeding was pending before Special Term, the National Production Authority, a duly constituted agency of the Federal Government, issued an order (M-4, as amd. Jan. 13, 1951) in aid of national defense prohibiting the construction of buildings for certain enumerated uses, unless specific exception is made by the Authority or an authorization issued by it.

Special Term held that the order of the administrator for a certificate of eviction was not arbitrary or capricious. It confirmed the findings of the administrator with respect to the good faith of the landlord's application and approved the steps taken to relocate the tenant. In view, however, of the possible impact of the Federal Order M-4 on the certificate, Special Term denied the petition for annulment of the administrator's determination, but without prejudice to the filing of a new protest by the tenant with the administrator.

The case is before us on cross appeals. The tenant appeals from all parts of the order, except the provisions relating to the filing of a new protest, and the landlord from the latter provisions only.

We are in accord with the holding of Special Term on the propriety of granting the certificate as of the time of its issuance. We find no authority in law for the filing of a new protest. The administrator, recognizing the invalidity of any new protest, asks us to remand the matter to him for consideration of the possible effect of the Federal building restriction on the validity of the outstanding certificate. We deem it proper to comply with the request (*Gilpin* v. *Mutual Life Ins. Co.*, 299 N. Y. 253).

However, we do not wish our action in remanding the matter to be considered as a holding that the certificate should be vacated. Questions of fact and law have arisen as to the validity

of the certificate because of the new Federal restrictions. These the administrator should consider in the first instance. In view of the new restrictions, he may consider *de novo* the legality of any proposed plan of demolition. The administrator may also need to determine whether any exception contained in the Federal restrictions may be available to the landlord, and whether the improvement heretofore proposed or any amended plan for reconstruction is or may be made feasible thereunder. This may involve an application by the landlord to the Authority for approval of construction and consideration of the Authority's action by the administrator.

As the tenant is a necessary party to the proceedings before the administrator, he may be heard on such proceedings as to the effect of the Federal regulations upon the validity of the certificate. But this does not mean that the issues already tried should be relitigated. To fail to give finality to the matters decided with respect to the tenant's removal would place an undue burden on the landlord and give this sole remaining residential tenant an improper advantage.

We do not deem it necessary at this time to determine whether subdivision c of section 58 of the rules promulgated by the administrator (Rent and Eviction Regulations of the Temporary State Housing Rent Comm.) are in accord with section 12 of the rent law insofar as the rule limits the right of demolition to instances where new construction is proposed. (L. 1950, ch. 250.)

The order appealed from should be modified by striking out the provision with respect to the filing of a new protest and directing that the matter be remanded to the State Rent, Commission for further proceedings in accordance with this opinion. Settle order.

PECK, P. J., and VAN VOORHIS, J., concur; COHN and HEFFERNAN, JJ., dissent from the remission to the commission and vote to strike from the order the provision allowing the tenant to file a new protest, and otherwise vote to affirm.

Order modified by striking out the provision with respect to the filing of a new protest and directing that the matter be remanded to the State Rent Commission for further proceedings in accordance with the opinion herein. Settle order on notice.