MONROE A. LERMAN, Appellant, v. LAWRENCE JOHNSON et al., Respondents. — Plaintiff appeals from an order dismissing the complaint for failure to state facts sufficient to constitute a cause of action. The motion to dismiss was granted at Special Term on the theory that the action was an equitable one and that plaintiff had an adequate remedy at law. Order reversed on the law, with $10 costs and disbursements, and motion denied, with $10 costs. Defendants may answer within ten days from the entry of the order hereon. The complaint contains two causes of action. The first is against the licensee and a corporation which is his alter ego for an accounting for royalties against the licensee under the license agreement, for a declaratory judgment that the license agreement has been terminated, and for an injunction to restrain both defendants from the further exercise of the license. The second cause of action is against the corporate defendant for work, labor and services. The motion to dismiss was not directed to each cause of action, but to the complaint as a whole. Under these circumstances, if either cause of action is sufficient, the motion must be denied. (*Advance Music Corp.* v. *American Tobacco Co.*, 296 N. Y. 79; *Schauder* v. *Weiss*, 274 App. Div. 940.) The motion to dismiss must be denied, even assuming that plaintiff is entitled only to legal relief, because the motion to dismiss is not based on the ground that plaintiff failed to state an equitable cause of action or a cause of action at law, but on the ground that he has failed to state any cause of action. (3 Carmody on New York Practice, § 898, and

authorities there cited.) However, plaintiff is entitled to maintain this action, as one for a declaratory judgment as to his rights under a notice to terminate the contract, it being alleged that the notice was served as the result of defendant Johnson's breach of the contract in matters going to the very substance and object of the agreement. (*De Mille Co.* v. *Casey*, 115 Misc. 646, 653–655, and cases there cited.) Plaintiff's right to an injunction against both defendants depends on his success in the declaratory judgment part of the action. The second cause of action is sufficient despite the lack of a demand in the prayer for relief for a specific sum of money as damages. Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.