In the Matter of HARRY ROSIN, Appellant, against JOSEPH D. McGOLDRICK, as Commissioner and State Rent Administrator of the New York Temporary State Housing Rent Commission, et al., Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act, order denying appellant's petition (1) to review the determination of the State Rent Administrator authorizing the subdivision of an apartment occupied by petitioner, or (2) in the alternative to remit the proceeding to the State Rent Administrator to permit the introduction of new evidence, and dismissing the proceedings, and the determination of the State Rent Administrator, reversed on the law and the facts, without costs, and the matter remitted to respondent administrator to receive and consider any new evidence which may be offered and which is material on the question of whether appellant's apartment is under-occupied within the purview of section 57 of the State Rent and Eviction Regulations. In our opinion, the administrator's determination that the accommodations offered appellant were adequate is now supported by substantial evidence (cf. *Matter of Rosin* v. *McGoldrick*, 279 App. Div. 1080) and may not be disturbed by the courts. However, the matter should be remitted for the receipt of evidence on the question of whether, subsequent to the administrator's original determination, there was an increase in the number of members of appellant's family and whether the apartment was under-occupied under section 57 of the regulations. That question should be considered and determined by the administrator *de novo*; but the issues already tried respecting the adequacy of the proposed accommodations should not be relitigated. (Cf. *Matter of Heller* v. *McGoldrick*, 278 App. Div. 53; State Residential Rent Law, § 9, subd. 1.) Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.

■

LOG CABIN REST, INC., Respondent, v. ALPINE WINE & LIQUOR CORP., Appellant.— In an action to recover damages, allegedly suffered by plaintiff by reason of the mislabeling of a quantity of bottled whiskey sold by defendant to plaintiff, order denying defendant's motion to dismiss the complaint for insufficiency affirmed, with $10 costs and disbursements. In our opinion the facts alleged in the first cause of action, for breach of warranty, are sufficient, without reference to the allegations of paragraphs Twelfth and Thirteenth, and it is not necessary on this appeal to determine whether plaintiff may recover damages for all of the injuries therein alleged. Neither is it necessary, since the motion to dismiss was directed against the entire complaint, to determine whether or not the allegations of the second cause of action are sufficient to justify a recovery on the ground of negligence. If either cause of action is sufficiently pleaded, a motion to dismiss the complaint for failure to state a cause of action must be denied. (*Advance Music Corp.* v. *American Tobacco Co.*, 296 N. Y. 79; *Schauder* v. *Weiss*, 274 App. Div. 940.) Defendant may answer, if so advised, within ten days after the entry of the order hereon. Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.