MIGUEL GARRIGA, Appellant, *v.* JACK TOWNSEND, Individually and as President, Bartenders Union of New York City, Local 15, A. F. of L., et al., Respondents.

Third Department, December 28, 1954.

*H. Edgar Timmerman* for appellant.

*Harold L. Luxemburg* for respondents.

IMRIE, J. Active in union labor affairs, plaintiff had in recent years been general organizer and international vice-president of Hotel and Restaurant Employees and Bartenders Interna-

tional Union, in which activities, he alleges, he enjoyed an excellent reputation and the esteem of many persons prominent in governmental, political and labor circles. Defendants are officers or otherwise officially connected with Bartenders Union of New York City, Local No. 15 of the above international organization, of which local plaintiff is also a member. He has brought this action to recover damages, asserting that he was libeled in various statements and charges of him published by defendants, or some of them. He now appeals from an order of Supreme Court, Special Term, Ulster County, dismissing his complaint, which includes three separate causes of action setting forth the alleged libels as they appeared in the official paper of the local union. All of such items are alleged to have concerned him, to have been false and defamatory, and to have been maliciously calculated to defame him and destroy his reputation and career as a union executive. The gravamen of his charges against defendants concerns the damage to his reputation and calling as a union executive.

The first cause of action alleges the following publication in the local's paper: "Evidence and information have reached us which convince us that your presence in office is a real detriment to this Local Union and its present leadership, and also lead us to believe that a great deal of the difficulty which this local union is encountering is due to your advice and activities." The court below found that such statement did not expose plaintiff to contempt, ridicule or aversion, and that it was not libelous per se. Clearly the words are not libelous on their face. They state a belief on the part of some members of the local that plaintiff's presence in office is a detriment to it and its leadership and that his advice and activities have contributed to certain difficulties encountered by the union. The statement is critical and forthright but, read alone or in context with the extrinsic facts pleaded, cannot be said to be libelous. In that respect the decision of the court below was correct.

The publications complained of in the remaining causes of action are of different import. In the publication of the formal charges plaintiff was accused of violations of the by-laws of the international and local unions, of illegally publicizing the affairs of the local, of disrespect to it, its officers and members, of attempting to undermine it and to "injure the wages and jobs of the members by creating dissension and sponsoring false charges" and of discussing union affairs with employers and conspiring to bring the union into disrepute and to slander it

and its officers. In other publications he was charged with "machinations and double-dealing tactics" as "the former Vice-President of the District" and as being the "master strategist" attempting a "coup d'etat" in the union, as having "gone sour" as a friend, and as being a party to "an unholy combination of some sinister characters on the outside" and "shyster lawyers" to "kick in the barn door." Apparently defendants have no intention of denying the publication of the charges against plaintiff. They assert privilege on the ground that their statements were communications within a labor organization wherein exist a common interest and a common duty of the communication of criticism of officers.

Such privilege is not absolute, but the law recognizes a qualified privilege which may attach to communications within a business organization and such groups as membership associations, churches, lodges and labor unions. A qualified privilege is limited to "good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only." (33 Am. Jur., Libel and Slander, § 126; Restatement, Torts, §§ 593, 599.)

This is not the occasion to attempt to fit the alleged libels to the stated patterns. Privilege is a defense to be pleaded and proved. (*Ostrowe* v. *Lee*, 256 N. Y. 36, 41; *Kennedy* v. *James Butler, Inc.*, 245 N. Y. 204, 207; *Schauder* v. *Weiss*, 274 App. Div. 940, 941.) Moreover, plaintiff alleges malice, which destroys a qualified privilege. (*Andrews* v. *Gardiner*, 224 N. Y. 440, 446; Seelman on Law of Libel & Slander in State of N. Y., § 272.) In our opinion the second and third causes of action of the complaint should be held to allege facts sufficient to state causes of action.

The order should be modified by striking out the ordering paragraph thereof and substituting therefor the following: "Ordered, that the defendants' motion for the dismissal of the first cause of action in the complaint herein be and hereby is granted and the same dismissed on the ground that it does not state facts sufficient to constitute a cause of action, and it is further Ordered, that the motion be and hereby is in all other respects denied, without costs." As so modified the order should be affirmed, without costs, defendants to answer the complaint within twenty days from the entry of the order herein.

Foster, P. J., Coon, Halpern and Zeller, JJ., concur.

Order modified by striking out the ordering paragraph thereof and substituting therefor the following: Ordered that the defendants' motion for dismissal of the first cause of action in the complaint herein be and hereby is granted and the same dismissed on the ground that it does not state facts sufficient to state a cause of action and it is further ordered that the motion be and hereby is in all other respects denied, without costs. As so modified, the order is affirmed, without costs, defendants to answer the complaint within twenty days from the entry of the order herein.