Frank S. Mc-Cttllottgh, J.
Defendants move to dismiss the complaint for failure to state facts sufficient to constitute a cause of action and for lack of jurisdiction of the subject matter of the action or in the alternative to add plaintiffs’ employer as an indispensable party defendant.
Th plaintiffs are members of defendant Union, Local 323, and employees of the employer Liebman Breweries. The union and the employer are parties to a collective bargaining agreement which contains provisions, among other things, for a union shop, seniority and adjustment of all complaints and disputes by the parties, by an adjustment committee and by arbitration. The agreement provides for automatic renewals of the agreement for further periods of one year.
In October, 1960 the local union posted a seniority list and the plaintiffs were at the bottom of that list. The plaintiffs alleg’e that the acts of the local union were wrongful and improper and as a consequence on or about November 1, 1960 they were laid off and placed on a recall basis while others with less seniority continued in employment.
The cause of each plaintiff depends on the seniority rights to which he is entitled under the collective bargaining agreement between his union and his employer. There is no allegation that the plaintiffs requested that their grievances be processed pursuant to the procedures provided in the bargaining agreement. The affidavit of plaintiff Honegger states that the arbitration clause is not applicable because -the grievance as set forth in the complaint is not between the employer and the employee nor between the employer and the union but that their complaint was with the local union. He states that the grievance and wrong the plaintiff seeks to redress does not affect their employer and the question of seniority is strictly within the province and confines of the local union.
The failure of the plaintiffs to allege that they have exhausted the internal remedies of the union before resorting to the courts or that it would be futile to seek relief by union machinery, is a fatal defect. (Madden v. Atkins, 4 N Y 2d 283, 291; Saint v. Pope, 12 A D 2d 168; Brignola v. Barbieri, 11 A D 2d 893; Dusing v. Nuzzo, 177 Misc. 35, 36; Cunningham v. Milk Drivers *491 & Dairy Employees, 148 N. Y. S. 2d 114.) The constitution of the international union also requires an aggrieved member to exhaust all remedies provided for in that constitution and by the international union before resorting to any court (art. XVIII, § 14). There is no factual averment in the complaint that the plaintiffs have done anything to review the matter within the local union. The allegation that each of the plaintiffs has complied in all respects with the constitution, by-laws and regulations of the defendant union is a conclusory statement and insufficient. No ultimate facts with respect to exhaustion of remedies have been alleged.
Since the action is against the union the plaintiffs’ right to recover depends upon proof of facts rendering all the members of the union liable for the damages claimed. In the absence of allegations of fraud and bad faith or such facts as would render all the members of the union liable recovery of damages cannot be had (Bingham v. Bessler, 10 A D 2d 345; Havens v. Dodge, 221 App. Div. 475, affd. 250 N. Y. 617). An action can be maintained against the union only if the cause of action is provable against each and every member of the association (Martin v. Curran, 303 N. Y. 276; Saint v. Pope, 12 A D 2d 168, supra). The applicable law is concisely stated in Scivoletti v. Leckie, (4 A D 2d 773) where the court said: “ The plaintiffs were not entitled to the recovery of money damages from the defendant local union as a consequence of their unlawful deprivation by the individual defendants of their seniority rights since it was hot shown that the general membership participated in the breach of contract or the tort upon which the plaintiffs predicated their right to relief * * * or that some fraud, misconduct or bad faith on the part of the membership as a whole resulted in pecuniary injury to the plaintiffs ”. (Saint v. Pope, supra, p. 176.) The complaint fails to allege facts showing that the defendant union had been guilty of any breach, fraud, overreaching, arbitrary or unreasonable action in the handling of the seniority list or plaintiffs’ grievances.
The plaintiffs allege that the placing of their names at the bottom of a seniority list was a wrongful act as it resulted in their being laid off before others with less seniority.
When a labor organization causes an employer to discriminate, against an employee, it commits an unfair labor practice. In San Diego Unions v. Garmon (359 U. S. 236) the Supreme Court laid down the rule that even when the activity of the labor union was only “arguably” within the compass of the National Labor Relations Act, a State court was deprived of jurisdiction *492 even if the defendants’ conduct constitutes a tort under State law. (Goodman Prods. v. Collyer, 24 Misc 2d 640.) Where there is an arguable question of jurisdiction, the determination in the first instance must be left to the National Labor Relations Board and the State courts are not the primary tribunals to adjudicate such an issue. (Dooley v. Anton, 8 N Y 2d 91; Columbia Broadcasting System v. McDonough, 8 A D 2d 695, affd. 6 N Y 2d 962; Costaro v. Simons, 302 N. Y. 318; Goodman Prods. v. Collyer, supra). Since it is arguable whether the alleged union’s preparation of seniority list and plaintiffs’ lay-off constituted an unfair labor practice under the National Labor Relations Act (TJ. S. Code, tit 29, § 158, subd. [b], par. [3]) therefore only the National Labor Relations Board has jurisdiction to determine whether the acts complained of were in fact committed and whether they are lawful or unlawful. The field of inquiry in this matter has been pre-empted for exclusive jurisdiction by National Labor Relations Board, and this court is without jurisdiction. (Goodman Prods. v. Collyer, supra.)
“ The present state of the law precludes plaintiffs from seeking money damages in state courts for acts that are under the jurisdiction of the National Labor Relations Board” (Kipbea Baking Co. v. Strauss, N. Y. L. J., March 9, 1961, p. 16, col. 4, Doscher, J.).
Therefore, under the circumstances the motion to dismiss the complaint is granted. It is not necessary in view of the foregoing to pass upon the alternative relief sought.