Nathaniel T. Helman, J.
This is a motion under rules 106 and 107 of the Rules of Civil Practice to dismiss the complaint on the grounds that the complaint does not state facts sufficient to constitute a cause of action, and on the grounds that the court does not have jurisdiction of the subject of the action.
*63 The complaint alleges three causes of action; the first cause alleges that plaintiff was laid off improperly because defendant union failed to invoke the layoff procedure required by the contract between his union and employer, resulting in damages to plaintiff amounting to $4,000 in earnings, and preventing plaintiff from enjoying full rights in defendant union pension fund.
The second cause of action alleges that the defendant union has wrongfully and improperly excluded 13 names of trailer jockeys and drivers from the seniority list of the Jacob Buppert keg delivery department and that said exclusion deprived the plaintiff of his rightful position on the aforesaid seniority list, since the 13 individuals with less seniority than plaintiff continue to enjoy employment while the plaintiff is without employment for the most part.
The third cause of action alleges that the defendant union has wrongfully and improperly and in derogation of the collective bargaining agreement, recalled employees with a lower classification of seniority than Group I employees, and that said wrongful and improper act of the defendant union is depriving plaintiff from enjoying full rights in defendant union and causing plaintiff to sustain damages by way of loss of earnings; that irreparable damage will continue to be sustained by plaintiff unless defendant union is restrained.
The plaintiff demands judgment compelling defendant union to properly invoke the layoff procedure of the bargaining agreement; directing defendants to correct the seniority list so as to include the employees excluded therefrom; compelling defendants to recall to employment employees as provided by the bargaining agreement; restraining the individual defendants and any other officer of defendant union from taking any action contrary to the rights of the plaintiff; granting the plaintiff judgment for his loss of earnings.
This motion is directed in general against all defendants and on the entire complaint.
If the action is good as to any of the defendants on any of the causes of action the motion must be denied. (Log Cabin Rest. v. Alpine Wine & Liq. Corp., 280 App. Div. 943; Courtney v. Marcus Loew Booking Agency, 125 N. Y. S. 2d 224, affd. 283 App. Div. 867.)
In paragraph ‘£ Fifth ’ ’ of the complaint, which is repleaded by reference in the second and third causes of action, plaintiff pleads that he has complied in all respects with the constitution, by-laws and regulations of the defendant union.
*64 Section 14 of article XVIII of the International constitution provides for exhaustion of remedies on the part of any aggrieved member before resorting to the courts.
In Brignola v. Barbieri (11 A D 2d 893) the court held that “ The only allegation * * * in this respect is that the plaintiff ‘ has exhausted all of his available remedies ’ under the International constitution and local by-laws. But there is no factual averment that plaintiff has done anything to review within the union the acceptance by the local of charges against him ’ \
Again, in Saint v. Pope (12 A D 2d 168, 175) the court stated ‘ ‘ The union constitution constituted a contract between plaintiff employees and the defendant union and one of the duties assumed by persons who became members of the union was to resort to the internal remedies to secure redress for grievances.” (Dusing v. Nuzzo, 177 Misc. 35; Havens v. Dodge, 250 N. Y. 617.)
The factual matters set forth in the complaint do not provide the “ resort to the internal processes of the organization for redress ”, which the cases cited have required.
In Scivoletti v. Leckie (4 A D 2d 773) the court stated “ The plaintiffs were not entitled to the recovery of money damages from the defendant local union as a consequence of their unlawful deprivation by the individual defendants of their seniority rights since it is not shown that the general membership participated in the breach of contract or the tort upon which the plaintiffs predicated their rights to relief [cases cited], or that some fraud, misconduct or bad faith on the part of the membership as a whole resulted in pecuniary injury to the plaintiffs [cases cited]. ’ ’ The allegation contained in the complaint and affidavits of plaintiff fall short of the required factual proof of a ratification by the members, of the wrongful acts of the union. (See, also, Honegger v. O’Connell, 32 Misc 2d 489.)
In this latter case the issue of union control of seniority was raised. The court held that under such circumstances the State court is deprived of jurisdiction, as the matter must be left to the National Labor Relations Board (case cited). Under section 8 (subd. [b], par. [2]) of the Labor-Management Relations Act (U. S. Code, tit. 29, § 158, subd. [b], par. [2]) any attempt by a labor organization to attempt to cause an employer to discriminate against an employee is a violation of the act. Union control of seniority has been held to fall within this classification when improperly administered. The pre-emption doctrine applies so as to divest the State courts of jurisdiction. {National Labor Relations Bd. v. Local Union No. 450, Int. *65 Union of Operating Engineers, 281 F. 2d 313; Garner v. Teamsters Union, 346 U. S. 485.)
In summary, the court- finds that the complaint must be dismissed (1) for lack of jurisdiction because there is no factual statement of exhaustion of remedies or that further appeal would be futile, and (2) that the allegation of union control of seniority comes within the exclusive jurisdiction of the National Labor Relations Board.
Therefore, the motion to dismiss for lack of jurisdiction is granted and plaintiff is granted permission, if so advised, to replead within 20 days after service of a copy of this order with notice of entry. In view of the foregoing, it is not necessary to pass upon the other ground for dismissal or the alternative relief sought.