J. Robert Lynch, J.
The defendant moves for an order dismissing the complaint pursuant to subdivision 1 of rule 107 of the Buies of Civil Practice upon the ground that the court has no jurisdiction of the subject matter of the action.
Briefly put, it is the plaintiff’s complaint: that he was employed as a dockman, with favorable seniority, by the defendant; that in conjunction with his employment he was the steward of the Teamsters’ Union local, the bargaining agent with the defendant ; that, as part of a plan to get rid of him for his union activities, the defendant forced his resignation under the duress of threatening to prosecute him for a larceny he says he did not commit. He seeks to have his resignation set aside and be restored to his employment. He seeks also recompense for his lost earnings as well as counsel fees and punitive damages by virtue of a claimed malicious intent on the part of the defendant.
We are called upon to determine initially the defendant’s contention that the allegations of the complaint constitute an unfair labor practice which lies exclusively within the jurisdiction of the National Labor Eelations Board. In opposition, the plaintiff *993 contends that this court is not pre-empted of jurisdiction over an unfair labor practice which gives rise to a common-law tort action except where the National Labor Relations Board is able to grant a substantially similar remedy.
It should be added at this point that the plaintiff made a charge of an unfair labor practice by the defendant to the National Labor Relations Board. The fact that after investigation the board refused to issue a complaint is not determinative here because even had it refused to assert jurisdiction such an action would not confer on the State jurisdiction otherwise pre-empted (Guss v. Utah Labor Bd., 353 U. S. 1).
Since the decision, in 1959, of the United States Supreme Court in San Diego Unions v. Garmon (359 U. S. 236) cases in this general area have been more or less summarily disposed of, relying on its authority. (General Advertisers Serv. v. Doe, 16 A D 2d 552; Dempsey v. Atlantic & Pacific Tea Co., 11 A D 2d 419; Stork Restaurant v. Fernandez, 8 A D 2d 38; Rodgers v. O’Connell, 34 Misc 2d 62; Honegger v. O’Connell, 32 Misc 2d 489; Goodman Prods, v. Collyer, 24 Misc 2d 640; Kipbea Baking Co. v. Strauss, N. Y. L. J., March 9, 1961, p. 16, col. 4.) We refrain from similar summary disposition only because of the plaintiff’s contention that his case is controlled solely by the antecedent decision of United Workers v. Laburnum Corp. (347 U. S. 656) and that he is unaffected by the Garmon case.
At first blush it would appear that the question decided in Laburnum is completely stated therein as follows (p. 657): “ The question before us is whether the Labor Management Relations Act, 1947, has given the National Labor Relations Board such exclusive jurisdiction over the subject matter of a common-law tort action for damages as to preclude an appropriate state court from hearing and determining its issues where such conduct constitutes an unfair labor practice under that Act. For the reasons hereafter stated, we hold that it has not. ’ ’ However, a reading of its majority and minority opinions together with the discussion of its holding in the opinions in the Garmon case makes clear that Laburnum, at least since Garmon, is limited to those cases in which the conduct complained of is “ marked by violence and imminent threats to the public order ” (San Diego Unions v. Garmon, 359 U. S. 236, 247).
Where such conduct is not concerned but yet may be “ arguably ” an unfair labor practice the State court is precluded from jurisdiction (San Diego Unions v. Garmon, supra). The conduct herein is not the violent and imminent threat to public order envisioned by Laburnum. It is not just arguably an unfair labor *994 practice but would, if proven, be in fact an unfair labor practice. (See IT. S. Code, tit. 29, § 158.) We conclude therefore that this court is pre-empted of judisdiction and that the complaint must be dismissed.
For such solace as it affords, we point out that the concurring opinion in Garmon predicted the present state of affairs when it disapproved the majority’s view of the Laburnum decision. “ The Court’s opinion in this case cuts deeply into the ability of States to furnish an effective remedy under their own laws for the redress of past nonviolent tortious conduct which is not federally protected, but which may be deemed to be, or is, federally prohibited. Henceforth the States must withhold access to their courts until the National Labor Relations Board has determined that such unprotected conduct is not an unfair labor practice, a course which, because of unavoidable Board delays, may render state redress ineffective. And in instances in which the Board declines to exercise its jurisdiction, the States are entirely deprived of power to afford any relief. Moreover, since the reparation powers of the Board, as we observed in Bussell, are narrowly circumscribed, those injured by nonviolent conduct will often go remediless even when the Board does accept jurisdiction ” (p. 253).
In view of our above decision we deem it unnecessary to discuss the other ground of objection to the complaint. The complaint must be dismissed.