William B. Lawless, J.
The primary question for decision is whether Federal law has pre-empted the State courts from entertaining jurisdiction of a common-law libel arising out of an effort to organize employees for collective bargaining with their employers.
Defendants move to dismiss the complaint herein upon the grounds (1) that this court does not have jurisdiction by reason of the provisions of the Labor Management Relations Act of 1947 as amended (U. S. Code, tit. 29, § 141 et seq.), which confers upon the National Labor Relations Board exclusive primary jurisdiction, and (2) the complaint fails to state a cause of action.
The complaint alleges that on or about June 16 and 17, 1964, defendants distributed certain printed matter (a letter) to persons employed by the Trico Company in Buffalo, N. Y., with intent to injure plaintiff Troidl’s reputation as a union representative and with intent to injure the plaintiff Yantomasi’s reputation as a union officer and organizer. Both plaintiffs allege that as officers of United Automobile, Aerospace and Agricultural Implement Workers of America, they were engaged in a campaign seeking to organize persons employed by the Trico Company in the Buffalo area.
*549 The printed matter in question allegedly warns that “ raiding organizations have been known to falsify signature cards ” and states that “ if the U. A. W. does petition the N. L. E. B. for an election we intend to immediately file charges of fraud against them based on the proof we now have that they are using forged signatures on their cards.” The complaints conclude with a prayer for money damages.
Defendants contend this State court lacks jurisdiction over the subject matter of this action upon the grounds that the tort, if any, is “ arguably subject to the protection of Sec. 7 of the Federal Act (supra) or proscribed by Section 8 thereof,” and therefore exclusive primary jurisdiction is vested in the National Labor Eelations Board.
I. JURISDICTION
In San Diego Unions v. Garmon (359 U. S. 236) the United States Supreme Court reversed the judgment of the Supreme Court of California in affirming an award of damages against a union which engaged in picketing found to be tortious under California law. The United States Supreme Court held that failure of the National Labor Eelations Board to assert jurisdiction did not leave the States with power over activities they would be pre-empted from regulating by the amended National Labor Eelations Act. Mr. Justice Frankfurter, writing for five members of the court, held that because it was arguable that the union activity fell within the compass of the protected ' ‘ concerted activities ’ ’ provision of section 7 of the National Labor Eelations Act, or was an unfair labor practice under section 8 of the act, State jurisdiction was displaced. It should be noted in Garmon that at the time the suit in the State court was started respondent had begun a proceeding before the National Labor Eelations Board which later declined to exercise jurisdiction. The California Supreme Court sustained judgment below holding that California courts had jurisdiction over the dispute since the National Labor Eelations Board had in fact declined it. Garmon upset that holding. Prior to Garmon the Supreme Court held that the refusal of the National Labor Eelations Board to assert jurisdiction did not leave the States power over activities they otherwise would be pre-empted from regulating. (Guss v. Utah Labor Bd., 353 U. S. 1; Meat Cutters v. Fairlawn Meats, 353 U. S. 20.) It should also be noted that the California court held that the union activities constituted a tort based on an unfair labor practice under State law. In Garmon the court flatly stated (p. 242) it was concerned with the potential conflict of two law-enforcing *550 authorities, one Federal, the other State, but the court said the “unifying consideration” of its decisions in this area has been regard to the fact that Congress has entrusted administration of the labor policy for the Nation to a centralized administrative agency. Later in the same opinion, it said (p. 244): ‘ ‘ When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield.” Finally, the court stated the test (p. 245): “When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted.” (Emphasis added.)
If we apply the test of Garmon to the motion before us the question presented is whether the publication of a libel about a labor organizer in a union organization drive is an activity “ arguably” subject to section 7 or section 8 of the act. We conclude that it is. The writing was made by officers of an independent union; it was addressed to the members of that union; and its contents concerned organizational activities undertaken by a second union which activities .sought to procure authorization cards necessary for the National Labor Relations Board to conduct an election pursuant to section 159 (subd. [e], par. [1]) of the Federal act. Hence, the statement arose out of election activity subject to board supervision and jurisdiction. Because the United States Supreme Court has long stressed the freedom of expression provisions in subdivision (c) of section 8 of the National Labor Relations Act (U. S. Code, tit. 29, § 158, subd. [c]), as amended, for us to provide a common-law remedy would constitute a clear trespass upon ground reserved to the Federal labor agency. (See Bok, Regulating NLRA Election Tactics, 78 Harv. L. Rex. 38, 66, 93.) While it is true that plaintiffs may be .left without a remedy for money damages, if in truth they have been libeled, this situation was considered by Justice Frankfurter in Garmon and he concluded for the Supreme Court that the States’ effort to redress private wrongs still cannot be exerted to regulate activities that are potentially subject to the exclusive Federal regulatory scheme. He wrote (p. 247): “It may be that an award of damages in a particular situation will not, in fact, conflict with the active assertion of federal authority. The same may be true of the incidence of a particular state injunction. To sanction either involves a conflict with federal policy in that *551 it involves allowing two law-making .sources to govern. In fact, since remedies form an ingredient of any integrated scheme of regulation, to allow the State to grant a remedy here which has been withheld from the National Labor Relations Board only accentuates the danger of conflict. ’ ’
The board itself in exercising its jurisdiction has held that exaggerations, inaccuracies, partial truths, name-calling and falsehood, while not condoned, may be excused as legitimate propaganda provided they are not so misleading as to prevent exercise by employees of their bargaining representatives. (Gummed Prods., 36 L. R. R. M. 1156 [1955].)
The New Jersey courts declined jurisdiction in a libel action brought by a plant manager against a union where the alleged libel arose out of organizational activities in Blum v. Int. Assn. of Machinists (80 N. J. Super. 37 [1964]); and in New York in Kominski v. Western Express Co. (37 Misc 2d 992, affd. 19 A D 2d 862), Special Term dismissed a complaint where plaintiff alleged that his employer maliciously threatened to prosecute him for larceny and thus forced him to resign. The court (Lyítch, J.) held (p. 993) that where such conduct may be “ arguably” an unfair labor practice, the State is pre-empted of jurisdiction and the complaint was dismissed. (See, also, Schnell Tool & Dye Corp. v. U. S. Steel Workers, 55 L. R. R. M. 2945 [Ohio Ct. of Common Pleas]; Sewell Mfg. Co. 138 N. L. R. B. No. 12; 50 L. R. R. M. 1532; Linn v. United Plant Guard Workers of America, C. C. H. Lab. Cas, par. 19, 270; [C. C. A. 6th, Oct. 13, 1964]; Inland Air Conditioning and Refrigeration Contractors Assn., Inc. v. Bergan, C. C. H. Lab. Cas., par. 19,280; [California Superior Court, Riverside County, Oct. 15, 1964].) In the Inland case, the California State court lacked jurisdiction to entertain a suit based upon a claim that an individual wrote and circulated an alleged defamatory letter in connection with labor negotiations. Since the writing, publishing and circulation of the letter gave rise to a claim related to a labor dispute, and there was no showing of violence, intimidation or threat to public order, the claim was held subject to the exclusive jurisdiction of the board, even though the board could not award damages for commission of a tort.
For the reasons stated herein, the complaint is dismissed on the grounds this court lacks jurisdiction to entertain it. We do not consider whether the complaint states a cause of action as a matter of law.
Enter order. No costs.