**John F. SULLIVAN, Plaintiff,**

**v.**

**The DAY PUBLISHING COMPANY, the Bulletin Company, District 50, United Mine Workers, Francis J. McDermott, Peter Dolzenchuk, Defendants.**

**Civ. No. 10757.**

United States District Court
D. Connecticut.

March 25, 1965.

As Amended April 1, 1965.

William K. Bennett, Richard S. Bruchal and Bennett & Stark, Ansonia, Conn., for plaintiff.

John A. Arcudi, Arcudi & Green, Bridgeport, Conn., for defendants United Mineworkers, McDermott & Dolzenchuk.

Francis F. McGuire, New London, Conn., for defendant Day Publishers.

John Eldred Shields, John R. FitzGerald, Lewis, Shields & FitzGerald, Norwich, Conn., for defendant The Bulletin.

ZAMPANO, District Judge.

In this diversity action plaintiff seeks recovery of the defendants for an alleged libel committed during the course of a labor dispute between the Robertson Paper Box Company and the defendant union.

The plaintiff was a labor relations consultant hired by the Robertson Paper Box Company to participate in negotiations with the union on October 5, 1964. A strike occurred on October 14, 1964. Plaintiff alleges in his complaint that he was slandered and libelled by certain statements made on October 31, 1964, by defendants McDermott and Dolzenchuk, as representatives of the defendant union, and published in two newspapers owned by defendants, The Day Publishing Company and The Bulletin Company. In response to a news release issued by the company, the following alleged defamatory statements were issued and caused to be published by the defendants:

"However, the union is not surprised by the Robertson allegation released to the papers because of the fact that the company has hired an out-of-town union buster (union business agent, Francis J. McDermott said the union buster is John F. Sullivan of New Haven who is among those

handling the negotiations for the company,) and he is using all of the oldest tricks of the trade, divide and conquer, by falsehood and fear."

Defendants McDermott, Dolzenchuk and the union now move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment. Defendants, The Day Publishing Company and The Bulletin Company, are not parties to this motion. The sole issue presented is whether the acts complained of constitute behavior arguably subject to Sections 7 and 8 of the National Labor Relations Act, 29 U.S.C. §§ 157 and 158, thereby preempting jurisdiction of this Court to the National Labor Relations Board.

In San Diego Building Trades Council, Millmen's Union Local 2020 v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L. Ed.2d 775 (1959), the Supreme Court considered the question of state and federal regulation of labor disputes and stated at 245, 79 S.Ct. at 780:

"When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted."

Exceptions to this rule are: 1) those activities which are of "merely peripheral concern of the Labor Management Relations Act", 359 U.S. at 243, 79 S.Ct. at 779, and 2) instances, "as defined by the traditional law of torts, of conduct marked by violence and imminent threats to the public order." 359 U.S. 247, 79 S.Ct. 781.

Both federal and state courts have been called upon to consider the preemption doctrine of Garmon in slander or libel actions based on statements made or published during the course of labor disputes between management and unions. The authorities are in conflict.

The majority of cases have held libel actions, arising during the course of a labor dispute, preempted by federal authority and not properly cognizable in a civil action for damages. See, Linn v. United Plant Guard Workers of America, 337 F.2d 68 (6 Cir.1964); Blum v. International Ass'n of Machinists, 42 N. J. 389, 201 A.2d 46 (1964); Hill v. Moe, 367 P.2d 739 (Sup.Ct.Alaska 1961), cert. denied, 370 U.S. 916, 82 S.Ct. 1554, 8 L. Ed.2d 498 (1962); Schnell Tool & Die Corp. v. United Steelworkers, 200 N.E.2d 727 (Ohio Com.Pl.1964); Troidl v. Keough, 44 Misc.2d 548, 254 N.Y.S.2d 240 (N.Y.Sup.1964).

Although this Circuit has indicated by way of dicta that a libel action might lie as a result of defamatory remarks made during the course of a labor dispute, Salzhandler v. Caputo, 316 F.2d 445, 451 (2 Cir.1963), only two cases have been found to date holding such actions properly the subject of a civil suit. In Meyer v. Joint Council 53 International Brotherhood of Teamsters, et al., 416 Pa. 401, 206 A.2d 382 (1965) the Court found such activity arguably the subject of LMRA regulation but felt there was "compelling state interest, especially in the maintenance of domestic peace, upon which state jurisdiction over a libel suit can be predicated." 206 A.2d at 385. In Brantley v. Devereaux, 237 F.Supp. 156 (E.D.S.C.1965) the same result obtained upon a holding " * * * that plaintiff's cause of action is not arguably subject to §§ 7 and 8 of the Act, and that jurisdiction of this court is not preempted to National Labor Relations Board." See also, Bouligny v. United Steelworkers, 336 F.2d 160 (4 Cir.1964).

From an analysis of the above cases, and in view of the Supreme Court's ruling in Local 100, United Ass'n of Journeymen & Apprentices v. Borden, 373 U.S. 690, 83 S.Ct. 1423, 10 L.Ed.2d 638 (1963) and Local No. 207 International Ass'n of Bridge, etc., Workers Union v. Perko, 373 U.S. 701, 83 S.Ct. 1429, 10 L. Ed.2d 646 (1963), it is felt the thrust of federal labor policy favors preemption of actions for libel, arising during the course of a labor dispute, from judicial determination.

Accordingly, the motion of defendants McDermott, Dolzenchuk and the union

for summary judgment should be, and hereby is, granted.

Furthermore, the Court is of the opinion, and hereby certifies, in accordance with Section 1292(b), 28 U.S.C.A., that the within order involves controlling questions of law as to which there are substantial grounds for difference of opinion, and an immediate appeal from the within order granting defendants' motion for summary judgment may materially advance the ultimate termination of the litigation, and the plaintiff should have the opportunity to apply to the Court of Appeals for the Second Circuit for an appeal to be taken from such order if they should so desire. Should such application for an appeal be made by defendants and such permission be granted by the Court of Appeals, then further proceedings in this case shall be stayed until a determination of the appeal.