RICHARD A. McKINNON et al., Plaintiffs, *v.* BERNARD L. SMITH et al., Defendants.

Supreme Court, Special Term, Queens County, November 29, 1966.

*Moser, Henkin & Alper* for plaintiffs. *Steinberg & Steinberg* for defendants.

HENRY J. LATHAM, J. Plaintiffs and defendants are all members of the American Radio Association, a national labor union representing some 900 merchant marine radio operators. This action, seeking compensatory and punitive damages for libel, arises out of a union election campaign in which plaintiffs and defendants were the candidates. Defendants move, pursuant to CPLR 3211 (subd. [a], pars. 1, 7), to dismiss the amended complaint on the respective grounds (1) that this court lacks jurisdiction over the subject matter of the action and (2) that the amended complaint is legally insufficient.

The alleged defamatory statements were published by defendants in a paper entitled " The Future Belongs to You ". Plaintiffs allege that the statements made therein were " false, misleading and scandalous innuendos and distortions " and were designed to injure their good reputations in the minds of the union membership by creating the impression that they were " unstable, unworthy of trust, undemocratic and disloyal to the United States and to the Union " and, further, that they were Communists, John Birchites and Hitlerites. Plaintiffs further allege that the defendants, motivated by malice, published those statements without regard to the truth or falsity thereof and that as a result they not only lost their respective elections but were exposed to hatred, contempt, ridicule and were shunned by the membership.

Defendants contend that since the action arises out of a union election campaign, the conduct of which is controlled exclusively by the Labor Management Relations Act (U. S. Code, tit. 29, § 141 et seq.), the Federal pre-emption doctrine applies, thus depriving this court of subject-matter jurisdiction. Although the Labor Management Relations Act (U. S. Code, tit. 29, §§ 481, 482) prescribes the manner in which elections of national and international labor organizations are to be held and the method for challenging an election result, nothing contained in those sections indicates that the States are pre-empted from exercising jurisdiction over libel actions arising from such elections. (Linn v. Plant Guard Workers, 383 U. S. 53; see, also, U. S. Code, tit. 29, § 411, subd. [a], pars. [2], [4].) The court, accordingly, does not lack jurisdiction over the subject matter of this lawsuit.

Defendants contend that the amended complaint is insufficient on the grounds (1) that plaintiffs have failed to allege special damages, (2) that publication was made to none other than union members and (3) that, as officials of a national union running for office during an election year, they " are protected by the constitutional guarantee of free speech, and as candidates,

have the right to comment on the charges made against them without fear of being subjected to libel suits.''

A writing is libelous per se and actionable without an allegation of special damages if the publication thereof tends to '' expose a person to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number of the community, even though it may impute no moral turpitude to him.'' (*Mencher* v. *Chesley*, 297 N. Y. 94, 100.) Such a result can be achieved by a false characterization of a person as a Communist or a Communist sympathizer and, therefore, it has been held that such a characterization is libelous per se. (*Mencher* v. *Chesley, supra*; see, also, *Toomey* v. *Farley*, 2 N Y 2d 71; cf. *Steinman* v. *Di Roberts*, 23 A D 2d 693, affd. 17 N Y 2d 512.) In any event, whether a publication is '' reasonably susceptible of a meaning which will effect such a result '' presents a question of law (*Julian* v. *American Business Consultants*, 2 N Y 2d 1, 14; *Gambuzza* v. *Time, Inc.*, 18 A D 2d 351) and in arriving at a proper conclusion '' the courts will not strain to interpret them [words charged to be defamatory] in their mildest and most inoffensive sense to hold them non-libelous.'' (*Mencher* v. *Chesley, supra,* p. 99.) It is the opinion of this court that although no direct characterization of the plaintiffs as Communists is made, the language of the article complained of inextricably leads to the inference that plaintiffs are being so characterized. Thus, neither the failure to allege special damages nor the failure to allege that publication was made to other than the union membership renders the amended complaint insufficient. With respect to the latter, although the law recognizes a qualified privilege where publication is made to a group of persons sharing a common interest (e.g., labor union) such a privilege is destroyed by proof of malice. (*Garriga* v. *Townsend*, 130 N. Y. S. 2d 581, mod. 285 App. Div. 199.) Plaintiffs have alleged malice.

Defendants base the third contention upon the recent decision of the United States Supreme Court in *New York Times Co.* v. *Sullivan* (376 U. S. 254) and the subsequent cases interpreting that decision. (*Pauling* v. *News Syndicate Co.*, 335 F. 2d 659 [2d Cir.], cert. den. 379 U. S. 968; *Gilberg* v. *Goffi*, 21 A D 2d 517; *Rosenblatt* v. *Baer*, 383 U. S. 75; *Pauling* v. *National Review*, 49 Misc 2d 975.) The *New York Times* decision established a Federal rule of qualified privilege based on constitutional guidelines of the First Amendment and imposed that rule via the Fourteenth Amendment upon the States. The *New York Times* case has two applications: (1) to criticisms of public officials concerning their official capacity and (2) to private

persons who "thrust themselves into the vortex of a discussion of public concern." (*Rosenblatt* v. *Baer, supra.*) Plaintiffs obviously are not public officials nor can they be said to come within the second subdivision since the cases interpreting that phrase have dealt with matters of public *governmental* concern. (*Rosenblatt* v. *Baer, supra*; *Pauling* v. *National Review, supra.*) The union election campaign herein is purely a matter of private concern. Thus, the doctrine of the *New York Times* case is not directly applicable to the instant case. That holding, however, has been adopted by analogy in the field of labor relations libel in *Linn* v. *Plant Guard Workers* (383 U. S. 53, 64–65, *supra*), wherein the court stated:

"But it has been insisted that not only would the threat of state libel suits dampen the ardor of labor debate and truncate the free discussion envisioned by the Act, but that such suits might be used as weapons of economic coercion. Moreover, in view of the propensity of juries to award excessive damages for defamation, the availability of libel actions may pose a threat to the stability of labor unions and smaller employers. In order that the recognition of legitimate state interests does not interfere with effective administration of national labor policy the possibility of such consequences must be minimized. We therefore limit the availability of state remedies for libel to those instances in which the complainant can show that the defamatory statements were circulated with malice and caused him damage.

"The standards enunciated in *New York Times Co.* v. *Sullivan,* 376 U. S. 254 (1964), are adopted by analogy, rather than under constitutional compulsion."

This court is of the opinion that the rationale of the *Linn* decision and the standards enunciated in the *New York Times* case are applicable to the instant case. But, since the qualified privilege established in *New York Times* is destroyed by a showing of actual malice and, since plaintiffs have pleaded actual malice, the amended complaint is sufficient. (*Gilligan* v. *King,* 48 Misc 2d 212.) Accordingly, the motion is denied.