Richard J. Cardamone, J.
The defendants move to dismiss plaintiffs’ complaint pursuant to CPLR 3211 upon the grounds that the complaint fails to state a cause of action and that this court has no jurisdiction of the subject matter since the same is pre-empted by the National Labor Relations Board.
The plaintiffs are engaged in the business of wholesale beer and soft drinks distribution. The defendants are the Brewery Workers Union, Local No. 263. Plaintiffs allege in their complaint that on July 27, 1967, the defendants distributed certain circulars and caused the same to be placed in certain business places where the plaintiffs distribute beer. The printed circulars, which are labeled Exhibits A and B attached to the plaintiffs’ complaint, urge the public not to buy beverages delivered by the plaintiffs, on the ground that the plaintiffs (nonunion distributors) allegedly are paying their employees lower wages and providing them with fewer economic benefits (Exhibit A). Exhibit B is a letter sent by the Brewery Union Teamsters Local No. 263 to retail licensees advising them that certain beer and soft drinks which they were selling were being delivered to the retail licensees by nonunion drivers. They also advised they were placing peaceful pickets at the doors of the retail establishments for the purpose of trying to dissuade the public from buying any of the products delivered by the nonunion drivers of the plaintiffs.
Plaintiffs allege in their complaint that these circulars and the letters (Exhibits A & B) are false and misleading and that these statements and this picketing and distribution of these circulars irrevocably damaged the plaintiffs in the conduct of their business for which they demand damages.
The defendants have moved to dismiss this complaint on the ground that the matters set forth therein involve a labor dispute, the jurisdiction of which subject matter lies completely within the jurisdiction of the National Labor Relations Board.
The question to be answered in motions made under CPLR 3211 (subd. [a'], par. 7) is whether a complaint properly states a cause of action and not whether the plaintiffs have any substantial hope of proving one (é Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.37). A construction of the complaint must be adopted which accepts “ whatever can be implied from its statements by fair and reasonable intendment ”. (Dulberg v. Mock, 1 N Y 2d 54, 56 [1956]; Curren v. O’Connor, 304 N. Y. 515 *1012 [1952]). “ Pleadings shall be liberally construed. Defects shall be ignored, if a substantial right of a party is not prejudiced ” (CPLR 3026). The factual averments of the complaint are taken as true. (Gaynor v. Rockefeller, 21 A D 2d 92 [1st Dept., 1964], affd. 15 N Y 2d 120 [1965].)
Viewed in this light the complaint states a cause of action sounding in libel or malicious interference with contractual relations or some other tort. A motion to dismiss should not be granted unless it is very clear that there can be no relief under any facts alleged for the relief requested or for any other relief. (Richardson v. Coy, 28 A D 2d 640 [4th Dept., 1967].)
If a reading of the complaint alleges a controversy involving an unfair labor practice within the purview of the Labor Management Relations Act of 1947 the plaintiff must of necessity resort in the first instance to the National Labor Relations Board and the courts of this State would lack jurisdiction over the subject matter. (Costaro v. Simons, 302 N. Y. 318 [1951].) Even where there is doubt as to the applicability of the Federal statute so that the matter is “arguably subject ” to Federal jurisdiction, then the State courts must yield to the primary jurisdiction of the National Labor Relations Board. (Incres S. S. Co. v. International Mar. Workers Union, 10 N Y 2d 218, 223 [1961].)
However, it appears here that this complaint cannot be read to allege an unfair labor practice but clearly sounds in a tort alleging that the defendant union is subjecting the plaintiffs to economic pressure and thereby injuring their business without any justification. That is a form of coercion clearly unlawful, if proven, the jurisdiction of which may be maintained by the courts of this State. (Goodwins, Inc. v. Hagedorn, 303 N. Y. 300, 305 [1951].) Even when the Labor Management Relations Act prescribes the manner in which an election is to be held and the methods for challenging the results, nothing in the statute (U. S. Code, tit. 29, §§ 481, 482) pre-empts the State from exercising jurisdiction over libel actions arising out of those elections. (McKinnon v. Smith, 52 Misc 2d 349 [Sup. Ct., Queens County, 1966].)
Where there is no unfair labor practice within the language of the Federal act which is the gravamen of the allegations contained in the plaintiffs’ complaint, the State court is not preempted and may entertain jurisdiction. (Pleasant Val. Packing Co. v. Talarico, 5 N Y 2d 40 [1958], rearg. den. 8 N Y 2d 1036 [I960].)
The defendants’ motion to dismiss the plaintiffs’ complaint is denied.