Isidobe Dollingeb, J.
The defendant, Amalgamated Clothing Workers of America, AFL-CIO, a voluntary unincorporated association existing under the laws of the State of New York, moves for a judgment dismissing the complaint and causes of action alleged therein, pursuant to CPLR 3211 (subd. [a], par. 7), on the grounds that the complaint fails to state a cause of action and is insufficient as a matter of law. Plaintiff claims that from 1916 until 1969 .she was a member of the defendant union except for certain periods of interruption. She further claims that, during those periods she was employed in the clothing industry, some of her employers contributed to a retirement fund. Plaintiff now seeks the benefits from such fund and claims “ [t]hat the defendant, by its officers, directors, agents, servants, employees, retirement fund trustees and managers, have refused and neglected to pay retirement benefits to plaintiff”.
The defendant contends that the complaint fails to state a cause of action against the defendant union, an unincorporated association, since there is no allegation of authorization or ratification by every single member (see G-eneral Associations Law, § 13; McCabe v. Goodfellow, 133 N. Y. 89). Initially it must be noted that it does not appear that plaintiff seeks to recover from certain individuals, in their representative capacities as officers, directors, agents and similar representative capacities, the retirement benefits allegedly due her (cf. Prin v. De Luca, 218 N. Y. S. 2d 761). The action is patently against the union. In the absence of allegations and proof of fraud and bad faith -or such facts as would render all the members of the association liable, recovery will not be allowed (see Martin v. *681 Curran, 303 N. Y. 276; Bingham v. Bessler, 10 A D 2d 345; Honegger v. O’Connell, 32 Misc 2d 489).
The second cause of action of the complaint herein sets out a claim based on fraud.
Further, the first cause of action appears upon close examination and scrutiny also to be sufficient for pleading purposes.
Even under the Civil Practice Act a complaint is sufficient < £ £ £ £ If in any agpect upon the facts stated the plaintiff is entitled to a recovery ” ’ ” and if there 1 ‘ ‘ can be fairly gathered from [its] averment * * * any valid cause of action cognizable by the state courts ’ ” (Dulberg v. Mock, 1 N Y 2d 54, 56). This liberality has been enlarged by CPLR 3013, which requires no more than ‘ ‘ Statements in a pleading shall be sufficiently particular to give * * * notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action ”.
The strict, almost common-law .requirements of pleading that existed under the Civil Practice Act have been abolished. The court concludes, in view of the aforesaid, that the first cause of action in the complaint herein sufficiently identifies the issues and indicates the theory of relief as against the defendant union. Accordingly, the motion is denied.