Bernard Fuchs, J.
All the parties reside in the same apartment building and all appear pro se. The indorsed complaint lists an array of claimed grievances which resolve themselves into a complaint for defamation of character. Trial was to the court.
During the past year there have been intrusions into the building by nonresident teen-agers and considerable vandalism, burglary and abusive conduct, both verbal and physical, toward tenants. Several of the tenants who gave evidence identified one Ann Marie, a nonresident teen-ager, as a central figure in these disturbances, both personally and by her invitation of many other teen-age nonresidents into the building.
Ann Marie is a friend of plaintiff Brady’s family and is regularly employed by plaintiff Erdberg to walk a dog. Defendants are leading members of a tenants association. After a number of unsuccessful efforts to resolve the problem of Ann Marie by negotiation, the tenants association, led by defendants circulated a petition which protested the "giving out of house and apartment keys to nonresidents for any purpose whatsoever,” the vandalizing of the building and its use for "pot parties.” It accused the Erdberg and Brady families of "condoning these disturbing problems.” Many tenants signed the petition.
I find that the publication of this petition and its contents was undertaken by defendants for the purpose of advancing the common interest of the tenants in enjoying a peaceful residence free of hostile intrusion. The gist of its accusations against plaintiffs is that they are responsible for some of those intrusions. Whether accurate or not and whether the petition was well or ill-advised, defendants believed it to state a substantial truth and were not motivated by malice. There is no evidence that the petition was published to persons other than the tenants and landlord.
The accusations on their face do indeed appear to be defamatory. The condonation of vandalism and pot parties would *799 certainly impair the reputation of the guilty person and "diminish the esteem, respect, goodwill or confidence” in which he is held. (Prosser, Torts [4th ed] § 111.)
The evidence introduced by defendants tends to prove that they enjoy the protection of a qualified privilege. I will consider that defense to be pleaded although only general denials were offered. (Civil Court Act, § 903.)
It is apparent that the tenants and landlord of an apartment building constitute a group with a common interest in its security and quality as a residence. Communication among members of such a group for the purpose of advancing that interest, made in good faith and published only to properly interested persons are protected from the hazards of an action for defamation by a qualified privilege. Communications between stockholders of a corporation have enjoyed that protection (Ashcroft v Hammond, 197 NY 488), as have members of a hospital board of trustees (Lowinthan v Le Vine, 270 App Div 512), members of a union (Garriga v Townsend, 285 App Div 199), and others with a common interest to protect. (35 NY Jur, Libel and Slander, §§ 93, 99.)
The same privilege should extend to members of a tenants association. (See, generally, Prosser, Torts [4th ed], § 115.)
Judgment for defendants.