ANTHONY COSTARO et al., Respondents, *v.* JOSEPH SIMONS, as President of Newspaper and Mail Deliverers' Union of New York and Vicinity, Defendant, and ROCKAWAY NEWS SUPPLY Co., INC., Appellant. (Appeal No. 1.)

ANTHONY COSTARO et al., Appellants, *v.* JOSEPH SIMONS, as President of Newspaper and Mail Deliverers' Union of New York and Vicinity, Defendant, and ROCKAWAY NEWS SUPPLY Co., INC., Respondent. (Appeal No. 2.)

Argued January 18, 1951; decided April 12, 1951.

*Julius Kass* and *Jack E. Bronston* for appellant in first above-entitled action. I. The court is without jurisdiction to grant the relief requested since the matters alleged in the complaint are exclusively within Federal jurisdiction. (*Gibbons* v. *Ogden,* 9 Wheat. [U. S.] 1; *Erie R. R. Co.* v. *New York,* 233 U. S. 671; *Bethlehem Steel Co.* v. *New York State Labor Relations Bd.,* 330 U. S. 767; *National Labor Relations Bd.* v. *National Maritime Union,* 175 F. 2d 686, 338 U. S. 954.) II. Congress intended its regulation of the matters upon which plaintiffs base their claim for relief to be exclusive of State regulation. (*Amazon Cotton Mill Co.* v. *Textile Workers Union,* 167 F. 2d 183; *Bethlehem Steel Co.* v. *New York State Labor Relations Bd.,* 330 U. S. 767; *Wisconsin Employment Relations Bd.* v. *Plankinton Packing Co.,* 255 Wis. 285.) III. The complaint actually sets forth an unfair labor practice charge and is therefore within the exclusive jurisdiction of the National Labor Relations Board. (*Friedman* v. *Roseth Corp.,* 270 App. Div. 988, 297 N. Y. 495; *Labow* v. *Para-Ti Corp.,* 272 App. Div. 890; *Alonzo* v. *Industrial Container Corp.,* 193 Misc. 1008; *Davis* v. *Hogan,* 273 App. Div. 745; *Faron* v. *Eastern Airlines, Inc.,* 193 Misc. 395.)

*Arthur G. Warner* and *James E. Birdsall* for respondents in first above-entitled action. I. The complaint charges a common-law action for breach of its obligation as an agent by defendant union in collusion with defendant employer. II. The jurisdiction of the National Labor Relations Board is not so exclusive as to deprive the Supreme Court of its jurisdiction over common-law causes of action. (*Clark* v. *Curtis,* 297 N. Y. 1014; *Barile* v. *Fisher,* 94 N. Y. S. 2d 346.)

*Arthur G. Warner* and *James E. Birdsall* for appellants in second above-entitled action. The complaint states a valid cause of action. (*Clark* v. *Curtis,* 297 N. Y. 1014.)

*Julius Kass, Jack E. Bronston* and *Richard Halpern* for respondent in second above-entitled action. I. Defendant-respondent was under no legal duty towards plaintiffs. (*Langhurst* v. *Pittsburgh & Lake Erie R. R.,* 97 Pitts. L. J. 517.) II. Plaintiffs possess no inherent rights to seniority upon which to base damages. (*Elder* v. *New York Central R. R. Co.,* 152 F. 2d 361.) III. Plaintiffs have an adequate remedy at law in the form of a complete administrative remedy. (*National Labor Relations Bd.* v. *National Maritime Union,* 175 F. 2d 686, 338 U. S. 954; *Evans* v. *International Typographical Union,* 76 F. Supp. 881; *Domanick* v. *Triboro Coach Corp.,* 18 N. Y. S. 2d 650; *Gibbons* v. *Ogden,* 9 Wheat. [U. S.] 1; *Bethlehem Steel Co.* v. *New York State Labor Relations Bd.,* 330 U. S. 767; *Wisconsin Employment Relations Bd.* v. *Plankinton Packing Co.,* 255 Wis. 285.) IV. The complaint involves a labor dispute as defined by section 876-a of the Civil Practice Act, and therefore the court is without power to grant the relief requested, without plaintiffs having complied with the procedural requirements of the statute. (*Wishnetzky Food Products* v. *Osman,* 27 N. Y. S. 2d 750; *Loffini* v. *Bellitteri,* 250 App. Div. 855; *De Neri* v. *Gene Louis Inc.,* 261 App. Div. 920; *Johnson* v. *Bee Line, Inc.,* 262 App. Div. 762.)

*Per Curiam.* We read the complaint as alleging that the controversy involves unfair labor practices within the purview of the Labor Management Relations Act of 1947 (§ 8, subd. [a], par. [3]; subd. [b], par [2]; U. S. Code, tit. 29, § 158, subd. [a], par. [3]; subd. [b], par [2]). That being so, plaintiffs are

under the necessity of resorting in the first instance to the National Labor Relations Board. (See, e.g., *Steele* v. *Louisville & Nashville R. R. Co.*, 323 U. S. 192, 207; *Switchmen's Union* v. *National Mediation Bd.*, 320 U. S. 297, 301; *Sunshine Anthracite Coal Co.* v. *Adkins*, 310 U. S. 381, 404; *Meyers* v. *Bethlehem Shipbuilding Corp.*, 303 U. S. 41, 50–51; *Matter of Meng*, 227 N. Y. 264, 277; *Amazon Cotton Mill Co.* v. *Textile Workers Union*, 167 F. 2d 183, 190; *National Labor Relations Bd.* v. *Robbins Tire & Rubber Co.*, 161 F. 2d 798, 801; see, also, 1 Benjamin on Administrative Adjudication [1942], pp. 365–366.) It follows therefore, that the state courts lack jurisdiction of the complaint and that the motion to dismiss upon that ground should have been granted. In that view, the question as to the sufficiency of the complaint is rendered moot and academic (see *Matter of Adirondack League Club* v. *Board of Black Riv. Regulating Dist.*, 301 N. Y. 219, 223; *Wilmerding* v. *O'Dwyer*, 297 N. Y. 664), and no purpose is to be served by considering the motion upon that ground.

The order of the Appellate Division affirming Special Term's denial of defendant-appellant's motion to dismiss the complaint upon the ground that the court lacks jurisdiction of the subject matter of the action should be reversed, the complaint dismissed, and the question certified answered in the negative, with costs in all courts.

The order of the Appellate Division and judgment entered thereon, reversing Special Term's order denying defendant-respondent's cross motions to dismiss the complaint for insufficiency and for summary judgment should be reversed, not on the merits, but solely because disposition of the motion to dismiss upon the ground that the court lacks jurisdiction of the subject matter of the action, has rendered the issues moot.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Ordered accordingly. [See 302 N. Y. 841.]