George D. BEARDEN, Appellant,

v.

Warren G. COKER et al., Appellees.

No. 6600.

Court of Civil Appeals of Texas.

Amarillo.

May 28, 1956.

Rehearing Denied June 25, 1956.

Campbell & Brock and John Lee Smith, Lubbock, for appellant.

Burton S. Burks, Buck W. McNeil, Lubbock, Wm. E. Rentfro, Denver, Colo., for appellees.

NORTHCUTT, Justice.

This action was brought by George D. Bearden, as plaintiff, against Warren G. Coker, R. M. Haster, O. R. Harris, Oil Workers International Union, Local 208 of Oil Workers International Union and, National Cylinder Gas Company of Texas, as defendants. The parties will be designated as plaintiff and defendants as they were in the trial court.

Plaintiff alleged that on or about March 22, 1952, he was an employee of National Cylinder Gas Company and a member of Local 208 of Oil Workers International Union. Plaintiff further alleged he was a leader in organizing the employees and obtaining the membership of a majority of the employees of National Cylinder Gas Company in said local union and also that he was a leader in the struggle of said union and the local workers in obtaining a contract between the International Union and the National Cylinder Gas Company of Texas. Plaintiff contending that all of the defendants, individually and through their agents and representatives, conspired together to bring about the discharge of plaintiff from his employment with the National Cylinder Gas Company at Lubbock, and, that pursuant to this conspiracy, the company discharged plaintiff on March 21, 1952, and that he suffered actual damages in the sum of $15,000 and $7,500 exemplary damages. There were several motions and answers filed in the case but finally on June 2, 1955, the defendants filed their plea to the jurisdiction of the trial court and requested the case be dismissed contending exclusive jurisdiction over all of the matters alleged in plaintiff's petition was vested in the National Labor Relations Board, and in the Federal Courts.

Upon hearing the motion as to the jurisdiction of the trial court, the trial court sustained the motion and dismissed the case, and to this action of the court the plaintiff excepted and perfected this appeal. The plaintiff filed his motion requesting the trial court to file his findings of fact and conclusions of law forming the basis for his granting the order of dismissal. The trial court filed its findings of fact and found that the National Cylinder Gas Company, at all times pertinent to this suit was, engaged in interstate commerce and that the plaintiff's suit involved alleged unfair labor practices as defined by Title 29, § 158, U.S. C.A., and was a claim for damages against the defendants by reasons of the alleged participation by all defendants in such alleged unfair labor practices. The trial court then concluded as a matter of law that it did not have jurisdiction over the cause of action alleged by the plaintiff, and that under the acts of Congress relating to the National Labor Relations Board and the National Managements Relation Act (particularly § 160, Title 29 U.S.C.A.) exclusive jurisdiction over all the matters alleged in the plaintiff's petition was vested in the National Labor Relations Board and the Federal Court.

The plaintiff, appellant here, presents his appeal upon four points of error but we are of the opinion that if the court did not have jurisdiction over the matter the other points would become immaterial. Jurisdiction of a court over the subject of a given case is the power of the court to hear and determine cases of the general class to which the case in question belongs.

Naturally then, the question would arise as to whether the court had lawful power to hear and determine the matters involved and the power to determine the legal result to follow from the facts pleaded and proven. A plaintiff's cause of action is determined by his pleadings and the evidence offered must corre-

**792**

spond with the allegations and be confined to the points in issue and if the allegations of the plaintiff's petition were proven it would constitute unfair labor practices. Jurisdiction over a matter relates to right of court to adjudicate through remedies provided by law on facts proved or admitted in favor or against persons over whom the court has jurisdiction, and is not waived by appearances, but may be taken advantage of at any stage of the proceedings. We think this is so well established as the law of this state that jurisdictional matters may be raised at any time that the citation of authorities is unnecessary.

 We think the pleadings of plaintiff clearly bring this case within the Unfair Labor Practice Act as found by the trial court. Although appellants complain of the action of the court in refusing appellant's request for a jury hearing on the plea to the jurisdiction, we are of the opinion and so hold that since the pleadings clearly bring this case within the Unfair Labor Practice Act, and the question then to be determined being whether under the evidence it was to be considered in the light of interstate commerce a question of law to be determined by the court and not a jury. Nick v. United States, 8 Cir., 122 F.2d 660, 138 A.L.R. 791.

It is stated in Garner v. Teamsters, Chauffeurs and Helpers Local Union No. 776, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228: "State courts as well as state administrative bodies are excluded, by the federal labor relations act, from assuming control of matters expressly placed within the competence of the National Labor Relations Board."

If the petition alleged such facts and circumstances showing the controversy involves unfair labor practices within the purview of the Labor Management Relations Act, 29 U.S.C.A. § 141 et seq., then plaintiff is under necessity of resorting in the first instance to the National Labor Relations Board. Costaro v. Simons, 302 N.Y. 318, 98 N.E.2d 454.

The latest case we have observed on the point here involved is the case of Ava Hat Corp. v. Spector, Sup., 150 N.Y.S.2d 533, 534, where it is stated: "The alleged acts of the defendants constituting the gravamen of the complaint, if proven, would constitute unfair labor practices on the part of labor organizations, as defined in Section 158 of the National Labor Relations Act, as amended. Under such circumstances, jurisdiction of State Courts has been preempted and exclusive jurisdiction vests in the National Labor Relations Board over activities which are either protected or prohibited by the National Labor Relations Act * * *." It is there further stated: "It is well established that a State Court must decline jurisdiction over conduct which may reasonably be deemed to come within the protection or prohibition of such Act * * *." Judgment of the trial court is affirmed.