The STATE BAR OF TEXAS, Appellant,

v.

Leonard LEIGHTON, Appellee.

No. 04–96–00577–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 22, 1997.

Linda Acevedo, Assistant General Counsel, Austin, Stephan B. Rogers, Sheila R. Pattison, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for Appellant.

Steven M. Smoot, Austin, Ray Taylor, Taylor & Correa, P.C., San Antonio, for Appellee.

Before HARDBERGER, C.J., and LOPEZ and ANGELINI, JJ.

### APPELLANT'S MOTIONS FOR RE-HEARING AND REHEARING EN BANC

LOPEZ, Justice.

We withdraw our previous opinion in this appeal issued on July 2, 1997, and issue this

opinion in its stead. Appellant's motions for rehearing and rehearing en banc are denied.

This appeal arises from the denial of a motion to revoke probation. In seven points of error appellant, the State Bar of Texas, argues that the trial court erred in finding that appellee, Leonard Leighton, did not violate the rules of professional conduct and that appellee's due process rights were violated. We affirm the judgment of the trial court.

In 1991, a Bexar County district court found Leonard Leighton guilty of committing professional misconduct and suspended him from practicing law for two years. Prior to trial, Leighton voluntarily paid $186,000 in restitution. Through stipulations, the State Bar and Leighton agreed to ten years probation and restitution of an additional $375,000. As a condition of appellee's probation, Leighton could

> [n]ot violate any provision of the Texas Disciplinary Rules of Professional Conduct or its successors, if any, or any provision of the State Bar Rules, or any other law relating to the professional conduct of lawyers and to the practice of law.

The judgment of suspension further provided that if the State Bar received any information which showed just cause to believe that appellee violated any term of his probation, the State Bar could file a motion to revoke probation and

> [i]f the Court, without the aid of a jury and by a preponderance of the evidence, finds that within this period of probation Respondent, Leonard Leighton, has violated any term of this Judgment, the Court shall enter an order revoking probation and placing Leonard Leighton on active suspension from the practice of law for a period of ten years from the date of such order revoking probation.

In March of 1992, appellee received a letter from the Texas Board of Legal Specialization denying his 1989 application for recertification in tax law and revoking his certification in estate planning and probate law. Appellee did not take any steps to appeal the revocation or denial of recertification. Appellee continued to use his existing letterhead which represented him as certified by the Texas Board of Legal Specialization in tax law, estate planning and probate law. In March of 1994, appellee used this letterhead to communicate with potential clients. Approximately three months prior to the State Bar's motion to revoke probation, appellee's daughter joined his practice and appellee changed the letterhead, removing the designations of certification.

In March of 1995, the State Bar filed a motion to revoke appellant's probation pursuant to the original disciplinary judgment. The State Bar's motion alleged that appellant misrepresented his status to potential clients as certified by the Board of Legal Specialization and therefore violated rules 8.04(c) and 7.01(a)(1) of the Texas Disciplinary Rules of Professional Conduct. After hearing argument and reviewing the evidence, the trial court found that appellee did not violate the probation and denied the motion to revoke.

■ In its first four points of error, the State Bar argues that the trial court erred in denying the motion to revoke probation. A proceeding to revoke probation is not criminal or civil, but rather administrative in nature. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App.1993); *Stevens v. State*, 900 S.W.2d 348, 351 (Tex.App.—Texarkana 1995, pet. ref'd). However, actions concerning attorney discipline are civil in nature and require application of the Texas Rules of Civil Procedure. TEX.R. DISCIPLINARY P. 3.08 (1992), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1997); *State Bar of Texas v. Evans*, 774 S.W.2d 656, 659 (Tex.1989).

■ On appeal, our review is limited to determining whether the trial court abused its discretion. *Id.* at 351. Therefore, we view the evidence in the light most favorable to the trial court's order. *Galvan v. State*, 846 S.W.2d 161, 162 (Tex.App.—Houston [1st Dist.] 1993, no pet.). The trial court is the exclusive judge of the credibility of the witnesses and determines if the allegations in the motion to revoke are sufficiently demonstrated. *Id.* To constitute an abuse of discretion, the trial court must exercise a vested power in a manner that is contrary to law or

reason. *Landon v. Jean–Paul Budinger, Inc.,* 724 S.W.2d 931, 935 (Tex.App.—Austin 1987, no writ).

■ The State Bar argues that Leighton violated Rules 8.04(c) or 7.01(a)(1) as a matter of law. TEX. DISCIPLINARY R. PROF. CONDUCT 7.01(a)(1), 8.04(c) (1989). The legislature amended Rule 8.04 in 1994, subsequent to the conduct on appeal. Rule 8.04(c) is currently analogous to Rule 8.04(a)(3). *See* TEX. DISCIPLINARY R. PROF. CONDUCT 8.04 (1994) *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1992) (State Bar Rules art. X, sec. 9). Rule 8.04(a)(3) states that "a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation." TEX. DISCIPLINARY R. PROF. CONDUCT 8.04(a)(3). Rule 7.01(a)(1) prohibits lawyers from making a false or misleading communication about the qualifications or services of any lawyer or law firm if it contains a material misrepresentation. TEX. DISCIPLINARY R. PROF. CONDUCT 7.01(a)(1).

There is little case law focusing on the representations contained in professional letterhead. The Houston Court of Appeals held that continuing to use a letterhead representing board certification when none existed constituted a false communication. *State Bar of Texas v. Faubion,* 821 S.W.2d 203, 206 (Tex.App.—Houston [14th Dist.] 1991, writ denied). The same court held that a lawyer who advertises in his letterhead a board certification that he does not have commits a material misrepresentation. *Faubion,* 821 S.W.2d at 206.

While appellee's conduct seems to fall within the scope of the rules of disciplinary conduct, the trial court also heard testimony regarding appellee's defenses. Appellee offered evidence that he continued to use his letterhead because the Board of Legal Specialization failed to give notice of a hearing prior to actual revocation. Appellee testified that he believed the Board would give notice of a hearing before he was required to remove the certification from his letterhead. According to appellee, he based his belief on language in the Board's regulations.

The Board's regulations differentiate between recertification and revocation. Section VII of the Texas Plan for Recognition and Regulation of Specialization in the Law (Plan) speaks to the process and the standards required for recertification. Section VII does not iterate any procedure after the applicant receives denial of recertification.

Section VIII of the Plan speaks to revocation. Section VIII reads that the Board may revoke certification after hearing on appropriate notice that:

A. The certificate was issued contrary to the rules and regulations of the Board of the State Bar of Texas, or

B. The certificate was issued to a lawyer who was not eligible to receive a certificate or who made any false representation or misstatement of material fact to the Board, or

C. The certificate holder has failed to abide by all rules and regulations covering the program promulgated by the Board as amended from time to time including any requirement or safeguard for continued proficiency, or

D. The certificate holder has failed to pay any fees established by the Board, or

E. The certificate holder no longer meets the qualifications established by the Board.

This section of the rules suggests that the Board shall give the attorney notice of a revocation hearing prior to actual revocation of the certification.

Section IX speaks to the applicant's right to appeal. Section IX reads that

a lawyer who is refused certification, recertification or whose certificate is revoked by the Board, ..., shall have the right to appeal the ruling of the Board to the Board of Directors of the State Bar of Texas under such rules and regulations as it may prescribe.

Section IX gives the lawyer the right to appeal any decision of the Board, but the regulations do not provide any procedural guidelines.

The trial court's judgment is not contrary to law or reason. The Plan suggests notice of a hearing prior to revocation. Appellant did not receive such notice and because the

letter of revocation incorporated a denial of recertification, appellant could reasonably assume the Board would give notice of a hearing on recertification as well. If the Board failed to give notice, a trier of fact could conclude that appellee properly maintained the use of his letterhead until such notice arrived. The trial court also concluded that the interests of the public and the legal profession would be disserved by revoking appellee's probation. Viewing the record in the light most favorable to the judgment, a rational trier of fact could find that appellee did not violate the terms of his probation. We find that the trial court did not abuse its power contrary to law or reason and overrule appellant's first four points of error.

In the fifth point of error, appellant contends that the trial court did not have jurisdiction to disturb the rulings of the Board of Legal Specialization. We find that the trial court did not disturb the rulings of the Board. The issue before the trial court was whether to revoke appellee's probation. The trial court denied the motion. The trial court did not order the Board to recertify appellee or order the Board to review their decision. The trial court's judgment does not disturb the Board's decision concerning appellee's certification status. We overrule appellant's fifth point of error.

■ Appellant's sixth and seventh points of error attack the trial court's conclusions of law. Appellant contends that because appellee waived all due process claims, the trial court erred in concluding as a matter of law that the Board of Legal Specialization violated appellee's due process rights. We find the record does not support appellant's sixth and seventh points of error.

■ A constitutional claim, such as due process, can be waived if it is not presented to the trial court. *Hernandez v. State Bar of Texas,* 812 S.W.2d 75, 78 (Tex.App.—Corpus Christi 1991, no writ). Further, the party can waive the right to raise a constitutional issue on appeal if the claim was not presented to the trial court. TEX. R. APP. P. 52(a). The record illustrates that appellee raised the issue of due process in the original pleading and throughout trial. In addition, appel-

lant improperly cites case law which does not control the present case.

■ Appellant argues that a person who does not avail himself to available safeguards waives his right to complain about any due process violations. *Whitehead v. University of Texas Health Science Ctr.,* 854 S.W.2d 175, 182 (Tex.App.—San Antonio 1993, no writ). In *Whitehead,* this court held that the appellant waived her due process rights in a termination of employment proceeding because of the appellant's overt acts to disturb due process. *Id.* The record in *Whitehead* illustrated that the appellant refused to accept her notice of termination and intentionally postponed the hearing on termination. *Id.* In the present case, appellee did not attempt to disturb the Board's procedures. Appellee never received notice of a hearing and a hearing never took place. Appellee could not have waived rights which the Board did not give the appellee opportunity to exercise.

■ Even if appellee waived his due process claims, a trial court's conclusions of law are always reviewable. *Spiller v. Spiller,* 901 S.W.2d 553, 556 (Tex.App.—San Antonio, 1995, writ denied); *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.,* 835 S.W.2d 190, 196 (Tex.App.—Austin 1992, no writ). On appeal, we uphold conclusions of law if any legal theory supported by the evidence sustains the judgment and we only reverse if the conclusions are erroneous as a matter of law. *Spiller,* 901 S.W.2d at 556; *Westech Engg, Inc.,* 835 S.W.2d at 196.

■ In reviewing a due process claim, a two-part analysis is required: (1) whether there is a deprivation of a liberty or property interest that is entitled to due process protection; and (2) if so, what process is due. *University of Texas Medical Sch. at Houston v. Than,* 901 S.W.2d 926, 929 (Tex.1995). The State Bar argues that appellee did not have a property interest in his certification status. Appellant relies on Section X(b)(2) of the Board of Legal Specialization's regulations stating that no lawyer has any vested rights in the program. Appellant confuses vested rights with property rights. Appellee does not contend that because of his prior certification, he had a vested right to be

recertified. Appellee asserts that his certification is valuable and he has a property interest in that certification.

At a minimum, due process requires: (a) notice; and (b) an opportunity to be heard in a meaningful time and meaningful manner. *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). Notice of a hearing is specifically required in revocation proceedings but the regulations are silent as to notice, or hearings, with respect to recertification. Applying a strict interpretation of the regulations would require notice of a hearing for the revocation of Leighton's board certification in tax law. Reading the regulations as a whole, it is unclear whether separate procedures are required for revocation and recertification. A reasonable trier of fact could conclude that the regulations provide for adequate notice and a hearing on all proceedings relating to Board certification. Therefore, the evidence supports the theory that the Board denied appellee's due process rights by failing to give adequate notice and conduct a hearing on appellee's revocation and recertification. We overrule appellant's sixth and seventh points of error and affirm the judgment of the trial court.