**In re UNITED SUPERMARKETS, INC., Relator.**

No. 07–00–0521–CV.

Court of Appeals of Texas, Amarillo.

Dec. 13, 2000.

Janna K. Fulfer, H. Grady Terrill, Craig Terrill & Hale LLP, Lubbock, for appellant.

G. Douglas Welch, Jeffrey B. Jones, Jones Flygare Brown & Wharton PC, for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

REAVIS, Justice.

By petition for writ of mandamus, relator, United Supermarkets, Inc., seeks relief from the orders of the Honorable Mackey Hancock in cause number 96–557,-709 in the 99th District Court of Lubbock County, signed October 30, 2000, denying United's motion to strike the designation of the former attorney of the real parties in interest, S.R. Tjia and M.G. Soliman, as an expert witness and its order signed November 29, 2000, denying United's motion to reconsider its motion to compel discovery or to strike the designation of real parties' former attorney as an expert witness. Without deciding whether the lawyer-client privilege provided for in Rule

503 of the Texas Rules of Evidence[1] controls a request for discovery notwithstanding Rules 703 and 705 when an attorney is designated as an expert witness by the party claiming the privilege, we conclude that based on the limited record in this proceeding that the petition for writ of mandamus must be denied. However, the denial will be without prejudice to future reconsideration of same, similar, or related issues or questions.

■ Because the issues presented relate to pre-trial discovery matters, we will limit our review to the facts relevant to our disposition. In response to the action of real parties for rentals and damages due under a written commercial real estate lease, among other things, United alleged that real parties (1) breached the lease when they unreasonably withheld their consent to sublease the property, and (2) waived their right to recover rentals. Also, United filed a cross-action for damages because real parties refused to consent to the proposed sublease. Because real parties claimed that they relied solely upon the advice and communications with their attorney, Mr. John Freels, in making their decision to withhold consent to the proposed sublease and acknowledged that their former attorney had information and documents regarding their diligence or lack thereof, Freels refused to answer certain questions or produce documents regarding the sublease, diligence, and other matters based upon the lawyer-client privilege. In November 1999, the trial court denied United's motion to compel discovery.

After real parties designated Freels as an expert witness, United filed its motion to strike the designation contending that if Freels is to be called as an expert, United has the right to know the factual basis of his opinion under Rules 703 and 705. United requested that the trial court strike

Freels's designation as an expert or that United be entitled to unlimited discovery, notwithstanding the lawyer-client privilege. Following a hearing, the trial court denied the relief sought by United. Then, following this Court's Order on Motion for Temporary Relief of November 8, 2000, Freels's deposition was taken, at which he again refused to answer certain questions or produce certain documents based on the lawyer-client privilege. A privilege log identifying 12 documents was provided and questions were certified by the reporter to the trial court. However, although the documents were available to the trial court for an in camera inspection, without conducting an in camera inspection, the trial court denied United's motion to reconsider the discovery request or designation of Freels as an expert and did not make any findings or conclusions[2] regarding United's contention that the lawyer-client privilege did not bar discovery because real parties were making an offensive use of the privilege as discussed in Republic Ins. Co. v. Davis, 856 S.W.2d 158, 161 (Tex. 1993), and clarified by *Public Safety Officers Ass'n v. Denton*, 897 S.W.2d 757, 761 (Tex.1995), applying the offensive use line of cases to the Fifth Amendment privilege in civil cases.

■ The theory underlying the waiver of a privilege by its offensive use is that a party who is seeking affirmative relief should not be permitted to maintain an action, and at the same time, maintain evidentiary privileges that protect from discovery outcome determinative information not otherwise available to the other party. *Denton*, 897 S.W.2d at 761. However, an analysis of the doctrine of offensive use of a privilege or whether United is entitled to the data and information per Rules 703 and 705 is not required at this time. Instead, we focus on the failure of the trial court to conduct an in camera

---

1. Unless otherwise designated, all rule references are to the Texas Rules of Evidence.

2. The order of the trial court did not indicate whether the court concluded that Rule 503 was controlling even though the attorney had been designated as an expert witness.

inspection of the tendered documents that real parties claim are protected by the lawyer-client privilege. As shown in the opinion of the Supreme Court, in *Denton*, the court of appeals reviewed the documents that Denton claimed were privileged. However, here, because the alleged privileged documents tendered for in camera inspection were not considered by the trial court, they are not available to this Court for our in camera inspection. In *Marathon Oil Co. v. Moye*, 893 S.W.2d 585, 590 (Tex.App.—Dallas 1994, no writ), the court held that when documents are tendered in support of a claim of privilege, the "trial court must conduct an in camera inspection." By such inspection, the trial court determines if the privilege applies to the documents. In addition, where the question of offensive use of the privilege is presented, by its in camera inspection, the trial court has the opportunity to consider whether the documents fall within the prohibited offensive use, *i.e.*, (a) affirmative relief question, (b) whether the information in the documents is outcome determinative, and (c) if the protected information is not otherwise available to the defendants. *Denton*, 897 S.W.2d at 761.

█ In order to preserve a complaint for our review, the action or omission which is alleged as error or abuse of discretion on behalf of the trial court must have been the basis of a timely request, objection, or motion that specified the action that the trial court was requested to take, or to forbear from taking, and an adverse ruling must have been obtained. Tex.R.App.P. 33.1(a); *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). Thus, our consideration of United's application is circumscribed by the complaint or request presented to the trial court, the corresponding request, if any, presented to us, and the record presented.

In the trial court, United sought relief by a Motion to Strike Expert Witness. In the motion, United moved the trial court to either strike the designation of Freels as an expert witness, or to order Freels to testify fully and completely about facts and circumstances surrounding his involvement in the transaction, including communications with his clients. In this Court, United urges that the trial court abused its discretion by "refusing to waive the attorney-client privilege and compel discovery, or in the alternative, by refusing to strike the testimony" of John Freels as an expert when presented with evidence that he will testify as to reasonableness of Tjia and Soliman withholding their consent to the sublease.

The trial court has not conducted an in camera inspection of the documents listed on the log or made any ruling (1) regarding the applicability of the offensive use theory, or (2) whether Rule 503 overrides Rules 703 and 705. Having addressed the issue presented to the trial court by United's motion and to this Court by United's application and the record presented, we deny United's petition for writ of mandamus without prejudice.