NO. 07-02-0473-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 7, 2003

______________________________

LEON TASBY,

Appellant

v.

NORTHWEST TEXAS HEALTHCARE SYSTEM’S DIRECTOR AND/OR

PRESIDENT, MEYERS, REED SHANKWILER, PISTOCCO TIMOTHY

BRUCE, MARUPUDI SAMBASIVAM, C. KARR, MICHAEL HOOTEN,

RICKEY A. DOSS, THOMAS, GILHOUSE, HENRICK, AND MUNSELL, 

Appellees

_________________________________

FROM THE 108
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 87,913-E; HON. ABE LOPEZ, PRESIDING

_______________________________

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Concurring Opinion

I concur in the judgment of the trial court and in that portion of its opinion that addresses the matter of personal jurisdiction.  I write separately on the issue of subject matter jurisdiction, however.  
See Waco Independent Sch. Dist. v. Gibson
, 22 S.W.3d 849, 850 (Tex. 2000) (holding that the issue of subject matter jurisdiction of the trial court may be raised for the first time on appeal). 

As mentioned in the majority opinion, Tasby contends that the trial court lacked subject matter jurisdiction over the proceeding because it did not act upon his request for leave to proceed as a pauper.  Apparently, he relies on §14.001 
et seq
. of the Texas Civil Practice and Remedies Code as support for his proposition.  That portion of the Code deals with inmate litigation when the inmate files an affidavit or unsworn declaration of inability to pay litigation costs.  
Tex. Civ. Prac. & Rem. Code Ann. 
§14.002(a) (Vernon 2002).  Furthermore, it authorizes a trial court to dismiss a claim under certain circumstances.  
Id. 
§14.003(a).  Yet, nothing therein conditions the trial court’s exercise of subject matter jurisdiction upon its first determining whether the inmate is actually a pauper.  Indeed, the existence of subject matter jurisdiction is dependent upon the nature of the claim being asserted and whether it is one cognizable by a particular court, 
see Cedar Crest Funeral Home, Inc. v. Lashley
, 889 S.W.2d 325, 330-31 (Tex. App.--Dallas 1993, no writ) (stating that subject matter jurisdiction is the power of a court to hear and determine cases of a general class to which the case belongs); 
Bearden v. Coker
, 291 S.W.2d 790, 791 (Tex. Civ. App.--Amarillo 1956, writ ref’d n.r.e.) (stating the same), not the economic status of the individual or entity involved in the litigation.  So, whether the litigant is rich or poor or whether he is capable of paying for the costs attendant to litigation has nothing to do with the trial court’s subject matter jurisdiction.  And, for that reason, I would overrule the point of error.

Brian Quinn

   Justice