NO. 07-02-0473-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 7, 2003

_____

LEON TASBY, APPELLANT

V.

NORTHWEST TEXAS HEALTHCARE SYSTEM'S DIRECTOR AND/OR PRESIDENT,
MEYERS, REED SHANKWILER, PISTOCCO TIMOTHY BRUCE,
MARUPUDI SAMBASIVAM, C. KARR, MICHAEL HOOTEN, RICKEY A. DOSS,
THOMAS, GILHOUSE, HENRICK, AND MUNSELL, APPELLEES

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 87,913-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**

Appellant Leon Tasby, an inmate proceeding *pro se* and *in forma pauperis*,

challenges the trial court's order of dismissal in his healthcare liability/negligence/due

process violations claims against appellees.[1] By a sole issue, Tasby asserts "due to the facts that the district court judge in this action never did make a ruling on the appellant's motion for leave to proceed in forma pauperis did the district court of this aquire [sic] proper and personal jurisdiction over the parties and subject matter of this action now at bar." Based upon the rationale expressed herein, we affirm.

Following surgery at Northwest Texas Hospital on February 6, 1995, Tasby, an inmate at the William P. Clements Unit, filed the underlying action against the hospital, numerous medical personnel, and employees of the Texas Department of Criminal Justice for damages which he alleged he sustained by reason of the surgery. By his notice of appeal, Tasby does not challenge the summary judgments and orders of severance as to Moody Chisholm, Chief Executive Officer of Northwest Texas Healthcare System and Marupudi Sambasivan, M.D., but is directed to the order of dismissal signed October 24, 2002, as to the remaining parties.

Before we address Tasby's issue and argument, we first note that even though he is proceeding *pro se*, he is held to the same standard as licensed attorneys and must comply with the applicable laws and rules of procedure. Greenstreet v. Heiskell, 940 S.W.2d 831, 834 (Tex.App.--Amarillo 1997, no writ); *see also* Mansfield State Bank v.

---

[1]Moody Chisholm, Chief Executive Officer of Northwest Texas Healthcare System, and Marupudi Sambasivam were granted summary judgments in their favor and were severed from the underlying lawsuit. Meyers, Shankwiler, and Bruce are associated with Northwest Texas Healthcare. The remaining appellees are employed by the Texas Department of Criminal Justice.

Cohn, 573 S.W.2d 181, 185 (Tex. 1978) (holding that litigants who represent themselves must comply with the procedures established by the rules notwithstanding the fact that they are not licensed attorneys).

By his sole issue, Tasby contends the trial court did not "acquire proper and personal jurisdiction over the parties and subject matter of this action now at bar." By his argument, however, Tasby contends the trial court abused its discretion by failing "to grant [Tasby's] motion for leave to proceed *in forma pauperis*." Although Tasby contends that a ruling on his motion for leave to proceed *in forma pauperis* was essential to the trial court's jurisdiction, he does not explain or support his contention and does not present any authority for the proposition.

To preserve a complaint for review on appeal, the action or omission alleged as error by the trial court must have been the basis of a timely request, objection, or motion specifying the action the trial court was requested to take, or to forebear from taking, and an adverse ruling must have been obtained. *See* Tex. R. App. P. 33.1(a); *see also* In re United Supermarkets, Inc., 36 S.W.3d 619, 622 (Tex.App.--Amarillo 2000, no pet.). This rule also applies to the preservation of a constitutional claim of denial of due process. State Bar of Texas v. Leighton, 956 S.W.2d 667, 671 (Tex.App.--San Antonio 1997), *pet. denied*, 964 S.W.2d 944 (Tex. 1998). Moreover, absent an adverse ruling from the trial court, nothing is preserved for review. Hur v. City of Mesquite, 893 S.W.2d 227, 231 (Tex. App.--Amarillo 1995, writ denied), citing former Tex. R. App. P. 52.(a). Because the record

3

does not show that Tasby's contention was presented to the trial court and that he obtained an adverse ruling on his motion or contention, the issue and argument present nothing for review and the issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

NO. 07-02-0473-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 7, 2003
_____

LEON TASBY,

Appellant

v.

NORTHWEST TEXAS HEALTHCARE SYSTEM'S DIRECTOR AND/OR
PRESIDENT, MEYERS, REED SHANKWILER, PISTOCCO TIMOTHY
BRUCE, MARUPUDI SAMBASIVAM, C. KARR, MICHAEL HOOTEN,
RICKEY A. DOSS, THOMAS, GILHOUSE, HENRICK, AND MUNSELL,

Appellees
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 87,913-E; HON. ABE LOPEZ, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

### Concurring Opinion

I concur in the judgment of the trial court and in that portion of its opinion that addresses the matter of personal jurisdiction.  I write separately on the issue of subject matter jurisdiction, however.  *See Waco Independent Sch. Dist. v. Gibson*, 22 S.W.3d 849,

5

850 (Tex. 2000) (holding that the issue of subject matter jurisdiction of the trial court may be raised for the first time on appeal).

As mentioned in the majority opinion, Tasby contends that the trial court lacked subject matter jurisdiction over the proceeding because it did not act upon his request for leave to proceed as a pauper. Apparently, he relies on §14.001 *et seq.* of the Texas Civil Practice and Remedies Code as support for his proposition. That portion of the Code deals with inmate litigation when the inmate files an affidavit or unsworn declaration of inability to pay litigation costs. TEX. CIV. PRAC. & REM. CODE ANN. §14.002(a) (Vernon 2002). Furthermore, it authorizes a trial court to dismiss a claim under certain circumstances. *Id.* §14.003(a). Yet, nothing therein conditions the trial court's exercise of subject matter jurisdiction upon its first determining whether the inmate is actually a pauper. Indeed, the existence of subject matter jurisdiction is dependent upon the nature of the claim being asserted and whether it is one cognizable by a particular court, *see Cedar Crest Funeral Home, Inc. v. Lashley*, 889 S.W.2d 325, 330-31 (Tex. App.--Dallas 1993, no writ) (stating that subject matter jurisdiction is the power of a court to hear and determine cases of a general class to which the case belongs); *Bearden v. Coker*, 291 S.W.2d 790, 791 (Tex. Civ. App.--Amarillo 1956, writ ref'd n.r.e.) (stating the same), not the economic status of the individual or entity involved in the litigation. So, whether the litigant is rich or poor or whether he is capable of paying for the costs attendant to litigation has nothing to do with the trial court's subject matter jurisdiction. And, for that reason, I would overrule the point of error.

6

Brian Quinn
Justice