NO. 07-02-0473-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



AUGUST 7, 2003



______________________________




LEON TASBY, APPELLANT



V.



NORTHWEST TEXAS HEALTHCARE SYSTEM'S DIRECTOR AND/OR PRESIDENT,


MEYERS, REED SHANKWILER, PISTOCCO TIMOTHY BRUCE,


MARUPUDI SAMBASIVAM, C. KARR, MICHAEL HOOTEN, RICKEY A. DOSS,


THOMAS, GILHOUSE, HENRICK, AND MUNSELL, APPELLEES




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 87,913-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION


 Appellant Leon Tasby, an inmate proceeding pro se and in forma pauperis,
challenges the trial court's order of dismissal in his healthcare liability/negligence/due
process violations claims against appellees. (1) By a sole issue, Tasby asserts "due to the
facts that the district court judge in this action never did make a ruling on the appellant's
motion for leave to proceed in forma pauperis did the district court of this aquire [sic] proper
and personal jurisdiction over the parties and subject matter of this action now at bar." 
Based upon the rationale expressed herein, we affirm.

 Following surgery at Northwest Texas Hospital on February 6, 1995, Tasby, an
inmate at the William P. Clements Unit, filed the underlying action against the hospital,
numerous medical personnel, and employees of the Texas Department of Criminal Justice
for damages which he alleged he sustained by reason of the surgery. By his notice of
appeal, Tasby does not challenge the summary judgments and orders of severance as to
Moody Chisholm, Chief Executive Officer of Northwest Texas Healthcare System and
Marupudi Sambasivan, M.D., but is directed to the order of dismissal signed October 24,
2002, as to the remaining parties. 

 Before we address Tasby's issue and argument, we first note that even though he
is proceeding pro se, he is held to the same standard as licensed attorneys and must
comply with the applicable laws and rules of procedure. Greenstreet v. Heiskell, 940
S.W.2d 831, 834 (Tex.App.--Amarillo 1997, no writ); see also Mansfield State Bank v.
Cohn, 573 S.W.2d 181, 185 (Tex. 1978) (holding that litigants who represent themselves
must comply with the procedures established by the rules notwithstanding the fact that they
are not licensed attorneys). 

 By his sole issue, Tasby contends the trial court did not "acquire proper and
personal jurisdiction over the parties and subject matter of this action now at bar." By his
argument, however, Tasby contends the trial court abused its discretion by failing "to grant
[Tasby's] motion for leave to proceed in forma pauperis." Although Tasby contends that
a ruling on his motion for leave to proceed in forma pauperis was essential to the trial
court's jurisdiction, he does not explain or support his contention and does not present any 
authority for the proposition. 

 To preserve a complaint for review on appeal, the action or omission alleged as
error by the trial court must have been the basis of a timely request, objection, or motion
specifying the action the trial court was requested to take, or to forebear from taking, and
an adverse ruling must have been obtained. See Tex. R. App. P. 33.1(a);see also In re
United Supermarkets, Inc., 36 S.W.3d 619, 622 (Tex.App.--Amarillo 2000, no pet.). This
rule also applies to the preservation of a constitutional claim of denial of due process. 
State Bar of Texas v. Leighton, 956 S.W.2d 667, 671 (Tex.App.--San Antonio 1997), pet.
denied, 964 S.W.2d 944 (Tex. 1998). Moreover, absent an adverse ruling from the trial
court, nothing is preserved for review. Hur v. City of Mesquite, 893 S.W.2d 227, 231 (Tex.
App.--Amarillo 1995, writ denied), citing former Tex. R. App. P. 52.(a). Because the record
does not show that Tasby's contention was presented to the trial court and that he
obtained an adverse ruling on his motion or contention, the issue and argument present
nothing for review and the issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice

 





NO. 07-02-0473-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



AUGUST 7, 2003


______________________________



LEON TASBY,




 Appellant


v.



NORTHWEST TEXAS HEALTHCARE SYSTEM'S DIRECTOR AND/OR


PRESIDENT, MEYERS, REED SHANKWILER, PISTOCCO TIMOTHY


BRUCE, MARUPUDI SAMBASIVAM, C. KARR, MICHAEL HOOTEN,


RICKEY A. DOSS, THOMAS, GILHOUSE, HENRICK, AND MUNSELL, 




 Appellees

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 87,913-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Concurring Opinion


 I concur in the judgment of the trial court and in that portion of its opinion that
addresses the matter of personal jurisdiction. I write separately on the issue of subject
matter jurisdiction, however. See Waco Independent Sch. Dist. v. Gibson, 22 S.W.3d 849,
850 (Tex. 2000) (holding that the issue of subject matter jurisdiction of the trial court may
be raised for the first time on appeal). 

 As mentioned in the majority opinion, Tasby contends that the trial court lacked
subject matter jurisdiction over the proceeding because it did not act upon his request for
leave to proceed as a pauper. Apparently, he relies on §14.001 et seq. of the Texas Civil
Practice and Remedies Code as support for his proposition. That portion of the Code
deals with inmate litigation when the inmate files an affidavit or unsworn declaration of
inability to pay litigation costs. Tex. Civ. Prac. & Rem. Code Ann. §14.002(a) (Vernon
2002). Furthermore, it authorizes a trial court to dismiss a claim under certain
circumstances. Id. §14.003(a). Yet, nothing therein conditions the trial court's exercise of
subject matter jurisdiction upon its first determining whether the inmate is actually a
pauper. Indeed, the existence of subject matter jurisdiction is dependent upon the nature
of the claim being asserted and whether it is one cognizable by a particular court, see
Cedar Crest Funeral Home, Inc. v. Lashley, 889 S.W.2d 325, 330-31 (Tex. App.--Dallas
1993, no writ) (stating that subject matter jurisdiction is the power of a court to hear and
determine cases of a general class to which the case belongs); Bearden v. Coker, 291
S.W.2d 790, 791 (Tex. Civ. App.--Amarillo 1956, writ ref'd n.r.e.) (stating the same), not
the economic status of the individual or entity involved in the litigation. So, whether the
litigant is rich or poor or whether he is capable of paying for the costs attendant to litigation
has nothing to do with the trial court's subject matter jurisdiction. And, for that reason, I
would overrule the point of error.

 

 Brian Quinn

 Justice 


1. Moody Chisholm, Chief Executive Officer of Northwest Texas Healthcare System,
and Marupudi Sambasivam were granted summary judgments in their favor and were
severed from the underlying lawsuit. Meyers, Shankwiler, and Bruce are associated with
Northwest Texas Healthcare. The remaining appellees are employed by the Texas
Department of Criminal Justice.


ttorney. 
Article 26.04; Perez, 4 S.W.3d at 307. The record before us has no evidence of either
such occurrence having taken place. In any event, unless either (1) appellant does not
wish to prosecute his appeal, (2) is not indigent, or (3) has another counsel representing
him on appeal, the Legislature has mandated that he is entitled to appointed counsel on
this appeal.

 Accordingly, this appeal is abated and the cause is remanded to the trial court. 
Tex. R. App. P. 43.6. The trial court is directed to assure that if appellant is indigent and
desires to prosecute this appeal, (1) appointed counsel is provided to represent appellant
on appeal to the Court of Appeals (either previously-appointed, or newly-appointed), and
(2) appellant is provided a free transcription of the plea proceedings, if the proceedings
were recorded despite appellant's waiver of a court reporter. See Perez, 4 S.W.3d at 307. 
The trial court should cause the clerk of this court to be furnished the name, address, and
State Bar of Texas identification number of the attorney to be representing appellant. 

 Upon remand, the judge of the trial court is directed to cause notice to be given of
and to conduct a hearing to determine: (1) whether appellant desires to prosecute this
appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is indigent;
(3) if appellant is indigent and desires to prosecute this appeal, whether a reporter's record
was made of the plea proceedings, and if so, whether any reason exists to justify not
providing a free transcription to appellant; (4) if appellant is indigent and desires to
prosecute this appeal, whether appellant's previously-appointed counsel has been or
should be replaced and different counsel for appeal appointed; (5) if appellant is indigent
and appellant's previously-appointed counsel has not been replaced and is appropriate
counsel to represent appellant as appeal counsel, then what orders, if any, should be
entered to assure the filing of appropriate notices and documentation to dismiss
appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant
desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

 The trial court is further directed to: (1) conduct any necessary hearings; (2) make
and file appropriate findings of fact, conclusions of law and recommendations, and cause
them to be included in a supplemental clerk's record; (3) cause the hearing proceedings
to be transcribed and included in a reporter's record of the hearing; and (4) have a record
of the proceedings made to the extent any of the proceedings are not included in the
supplemental clerk's record or the reporter's record of the hearing. In the absence of a
request for extension of time from the trial court, the supplemental clerk's record, reporter's
record of the hearing, and any additional proceeding records, including any orders,
findings, conclusions and recommendations, are to be sent so as to be received by the
clerk of this court not later than February 5, 2001. 

 Per Curiam

Publish.
1. Further references to an article of the Code of Criminal Procedure will be by
reference to "Article _."