NO. 07-04-0513-CR


NO. 07-04-0514-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 17, 2005



______________________________




GUSTAVO RAMIREZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B15475-0404 & 15478-0404; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION


 Pursuant to pleas of guilty, appellant Gustavo Ramirez was convicted of aggravated
sexual assault in cause number B15475-0404 and sentenced to 12 years confinement and
a $2,000 fine and convicted of burglary in cause number B15478-0404 and sentenced to
two years confinement and a $1,000 fine. 

 The clerk's records in these appeals reflect that the trial court entered certifications
of defendant's right to appeal in which it certified these cases were plea bargain cases with
no right of appeal. By letter dated February 16, 2005, this Court notified appellant that the
certifications indicate no right of appeal and requested a response by March 7, 2005, noting
that failure to file amended certifications showing a right of appeal or failure to provide other
grounds for continuing the appeals would result in dismissal. See Tex. R. App. 25.2(a)(2)
& (d); see also Stowe v. State, 124 S.W.3d 228, 232 (Tex.App.-El Paso 2003, no pet.). 
Appellant did not respond and no amended certifications indicating a right to appeal have
been filed in a supplemental record. Thus, we dismiss these appeals.

 Accordingly, these appeals are dismissed. (2)

 Don H. Reavis

 Justice



Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. The certification filed in cause number 07-04-0512-CR, an appeal from a revocation
order, indicates a right of appeal and was abated to the trial court for further proceedings.



edure. Greenstreet v. Heiskell, 940
S.W.2d 831, 834 (Tex.App.--Amarillo 1997, no writ); see also Mansfield State Bank v.
Cohn, 573 S.W.2d 181, 185 (Tex. 1978) (holding that litigants who represent themselves
must comply with the procedures established by the rules notwithstanding the fact that they
are not licensed attorneys). 

 By his sole issue, Tasby contends the trial court did not "acquire proper and
personal jurisdiction over the parties and subject matter of this action now at bar." By his
argument, however, Tasby contends the trial court abused its discretion by failing "to grant
[Tasby's] motion for leave to proceed in forma pauperis." Although Tasby contends that
a ruling on his motion for leave to proceed in forma pauperis was essential to the trial
court's jurisdiction, he does not explain or support his contention and does not present any 
authority for the proposition. 

 To preserve a complaint for review on appeal, the action or omission alleged as
error by the trial court must have been the basis of a timely request, objection, or motion
specifying the action the trial court was requested to take, or to forebear from taking, and
an adverse ruling must have been obtained. See Tex. R. App. P. 33.1(a);see also In re
United Supermarkets, Inc., 36 S.W.3d 619, 622 (Tex.App.--Amarillo 2000, no pet.). This
rule also applies to the preservation of a constitutional claim of denial of due process. 
State Bar of Texas v. Leighton, 956 S.W.2d 667, 671 (Tex.App.--San Antonio 1997), pet.
denied, 964 S.W.2d 944 (Tex. 1998). Moreover, absent an adverse ruling from the trial
court, nothing is preserved for review. Hur v. City of Mesquite, 893 S.W.2d 227, 231 (Tex.
App.--Amarillo 1995, writ denied), citing former Tex. R. App. P. 52.(a). Because the record
does not show that Tasby's contention was presented to the trial court and that he
obtained an adverse ruling on his motion or contention, the issue and argument present
nothing for review and the issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice

 





NO. 07-02-0473-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



AUGUST 7, 2003


______________________________



LEON TASBY,




 Appellant


v.



NORTHWEST TEXAS HEALTHCARE SYSTEM'S DIRECTOR AND/OR


PRESIDENT, MEYERS, REED SHANKWILER, PISTOCCO TIMOTHY


BRUCE, MARUPUDI SAMBASIVAM, C. KARR, MICHAEL HOOTEN,


RICKEY A. DOSS, THOMAS, GILHOUSE, HENRICK, AND MUNSELL, 




 Appellees

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 87,913-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Concurring Opinion


 I concur in the judgment of the trial court and in that portion of its opinion that
addresses the matter of personal jurisdiction. I write separately on the issue of subject
matter jurisdiction, however. See Waco Independent Sch. Dist. v. Gibson, 22 S.W.3d 849,
850 (Tex. 2000) (holding that the issue of subject matter jurisdiction of the trial court may
be raised for the first time on appeal). 

 As mentioned in the majority opinion, Tasby contends that the trial court lacked
subject matter jurisdiction over the proceeding because it did not act upon his request for
leave to proceed as a pauper. Apparently, he relies on §14.001 et seq. of the Texas Civil
Practice and Remedies Code as support for his proposition. That portion of the Code
deals with inmate litigation when the inmate files an affidavit or unsworn declaration of
inability to pay litigation costs. Tex. Civ. Prac. & Rem. Code Ann. §14.002(a) (Vernon
2002). Furthermore, it authorizes a trial court to dismiss a claim under certain
circumstances. Id. §14.003(a). Yet, nothing therein conditions the trial court's exercise of
subject matter jurisdiction upon its first determining whether the inmate is actually a
pauper. Indeed, the existence of subject matter jurisdiction is dependent upon the nature
of the claim being asserted and whether it is one cognizable by a particular court, see
Cedar Crest Funeral Home, Inc. v. Lashley, 889 S.W.2d 325, 330-31 (Tex. App.--Dallas
1993, no writ) (stating that subject matter jurisdiction is the power of a court to hear and
determine cases of a general class to which the case belongs); Bearden v. Coker, 291
S.W.2d 790, 791 (Tex. Civ. App.--Amarillo 1956, writ ref'd n.r.e.) (stating the same), not
the economic status of the individual or entity involved in the litigation. So, whether the
litigant is rich or poor or whether he is capable of paying for the costs attendant to litigation
has nothing to do with the trial court's subject matter jurisdiction. And, for that reason, I
would overrule the point of error.

 

 Brian Quinn

 Justice 


1. Moody Chisholm, Chief Executive Officer of Northwest Texas Healthcare System,
and Marupudi Sambasivam were granted summary judgments in their favor and were
severed from the underlying lawsuit. Meyers, Shankwiler, and Bruce are associated with
Northwest Texas Healthcare. The remaining appellees are employed by the Texas
Department of Criminal Justice.